# Dominick *v.* Randolph.

*Action on Contract.*

1. *Discretion of court as to pleading.*—After pleas in bar have been filed to the complaint, it is discretionary with the court to permit the withdrawal of such pleas and to allow the defendant to file demurrers. The action of the court in the exercise of such discretion, as a rule, is not revisable on appeal.

2. *Same.*—Matter complained of as error must be shown to be such by the record; otherwise the rulings of the court below will not be disturbed. Hence, where a motion is made by a person as an *amicus curiæ* to appoint an attorney to defend a pending suit for and on behalf of the defendant, on the ground that the said defendant was at the time of filing said motion insane and incapable of defending his said suit, and was so insane at the time the suit was brought, and this was all the allegation and proof in the matter, and an attorney having been so appointed by the court and having without leave of the court filed demurrers to the complaint after pleas in bar had already been filed, there was no revisable error in the action of the court in striking the demurrers from the file on motion of the plaintiff, since the motion to appoint an attorney to defend did not show that the defendant was insane at the time the pleas in bar were filed.

3. *Statute of frauds; competent for parties to take a case out of by subsequent contract.*—If a sale made by a register is obnoxious to the statute of frauds for want of any memorandum in writing made at the time of said sale, it is entirely competent for parties by subsequent contract to take the transaction without the statute, and if they do so by contract and suit is brought thereon, the plea of the statute of frauds is no answer, and if the fact of the subsequent contract is shown in the complaint a demurrer to the plea is properly sustained.

4. *Witness: what non-expert may testify to.*—While it is competent for a non-expert witness to testify that a person is "sick," "diseased" or "has a fever," these being statements of such facts as are perceptible to the senses and not mere expressions of opinions, yet it is not competent for such witness to testify, if the evidence sought calls for an opinion instead of a statement of fact, until the witness shall have placed himself within the rule as to expert testimony. It is, therefore incompe-

[Dominick v. Randolph.]

tent for a non-expert witness to testify that a defendant in a cause had suffered with a stroke of paralysis.

5. *Same.*—Where the question of insanity is a fact in issue, a non-expert witness may give his opinion that a person is sane or insane only when it is shown that he has had long and inti· mate acquaintance in contradistinction to a casual acquaintance and occasional conversations and interviews with the person; and the facts should be stated upon which his judgment is based.

6. *Same.*—Where a witness, having brought himself within the rule as to non-expert witnesses, had already testified to the insanity of the defendant, it was not objectionable upon cross-examination, for the purpose of testing the sincerity of the witness, to ask him if the defendant was capable of making a deed at that time.

7. *Report of register; what is tantamount to confirmation of.* Where the register makes a sale and the terms of sale are not complied with by the purchaser, and he so reports to the chancery court and his report is filed in the court, and thereafter the court makes an order continuing the cause under the former orders of the court, which was a continuance for a resale of the property, this was tantamount to a confirmation of the report of sale and a non-compliance with the same by the purchaser, and made it a part of the records in the cause; and it was competent evidence in a suit thereafter brought on a contract between the parties to the sale growing out of the sale, to prove the recitals therein contained, they being relevant under the issue.

8. *Charge; what not invasion of province of jury.*—A charge by the court "that the fact that a man made an improvident bargain, that he is generally unthrifty in his business, or unsuccessful in one or more enterprises, does not of itself prove him to be a *non compos mentis*," asserts a correct proposition of law, and the giving of it was not an invasion of the province of the jury.

9. *Same; explanatory when must be requested.*—A charge that "reason being the common gift of God to man, every man is presumed to be sane, and insanity can only be proved by clear and unexceptionable evidence," asserts a correct legal proposition, and if in the giving of it there was a tendency to mislead the jury, it was the privilege and duty of the party against whom it was given to have asked an explanatory charge.

10. *Charge; on effect of partial insanity on contract.*—Where there was testimony in a cause tending to show insanity, and also

testimony tending to show a species of mania, on the part
of the defendant for buying and selling regardless of profit
or loss, a charge that "proof of partial insanity will invali-
date contracts generally, and would be sufficient to defeat an
action upon a contract which contract was the direct offspring
of partial insanity, although the party making the contract,
at the time of making it, was sane in other respects upon
ordinary subjects," was not abstract and contained a correct
statement of the law.

APPEAL from Perry Circuit Court.

Tried before Hon. JOHN MOORE.

Action by M. L. Randolph against Martin Dominick
on contract. The facts necessary to be stated were, that
the defendant purchased a house and lot at register's
sale; that he failed to pay the purchase money; that he
then entered into contract with the complainant in the
chancery suit for time, agreeing to pay all damages that
might arise by his failure to comply with the terms of
his bid; that the property had to be and was re-sold at a
less price than was bid at the first sale. Hence this suit
claiming damages on the said contract. The defendant
appeared by attorneys and filed plea in bar. Afterward
one of the attorneys so pleading, appeared before the
court as an *amicus curiæ* and suggested the insanity of
the defendant and moved the court to appoint some one
to represent him. The court appointed the said attor-
ney who thereupon filed demurrers to the complaint
without leave of the court. Afterwards the plaintiff
moved the court to strike the demurrers from the file,
which motion was granted. To the plea of statute of
frauds the plaintiff demurred on the ground of the sub-
sequent contract. The other facts appear in the
opinion.

THOS. E. KNIGHT, for appellant.—(1). The court
erred in refusing the question whether or not defendant
had an attack of paralysis. This called for a statement
of fact.—*Milton v. Rowland*, 11 Ala. 732; *Wilkinson v.
Moseley*, 30 Ala. 562; *Fountain v. Brown*, 38 Ala. 72;
*Barker v. Coleman*, 35 Ala. 221; *Burney v. Torrey*, 100
Ala. 157. (2). Court erred in overruling objection to
question "was he capable of making a deed at that time."

[Dominick v. Randolph.]

This called for a conclusion.—*Walker v. Waler,* 34 Ala. 469. (3). Court erred in admitting testimony of Cad Jones—he was not within the rule of non-expert witness.—*Roberts v. Trawick,* 13 Ala. 68; *In re Carmichael,* 36 Ala. 514; *Ford's Case,* 71 Ala. 385. (4). Charge in regard to improvident bargain as test of insanity incorrect; it invaded province of jury; it instructed jury as to sufficiency of evidence; it singled out part of evidence.—*Steed v. Knowles,* 97 Ala. 581; *Tait v. Murphy,* 80 Ala. 440; *L. & N. R. R. Co. v. Hurt,* 13 So. Rep. 130; *Same v. Webb,* 97 Ala. 308. Additional citations of appellant.—*Cotton v. Ulmer,* 45 Ala. 378; *White v. Farley,* 81 Ala. 563.

STEWART, DEGRAFFENRIED & WALKER, *contra.*—(1). The non-expert witnesses properly allowed to testify. *Murphree v. Sena,* 18 So. Rep. 264; *Berney v. Torrey,* 100 Ala. 157. (2). 1, 2 and 3 charges sustained by decisions.—*Coleman v. Robertson,* 17 Ala. 84; 2 Brick. Dig. 538-539; *Kramer v. Weinert,* 81 Ala. 414; *Collier v. Ullman,* 45 Ala. 378.

DOWDELL, J.—After pleas in bar have been filed to the complaint, it is discretionary with the court to permit the withdrawal of such pleas and to allow the defendant to file demurrers. The action of the court in the exercise of such discretion, as a rule, is not revisable on appeal.

It is shown by the record in this case that on the 27th day of August, 1895, a plea in bar was filed to the complaint by the defendant, represented by his attorneys, Tutwiler & Knight. The judgment entry of the court shows, that on the 3rd day of September, 1897, the day of the trial of the cause, P. A. Tutwiler, one of the attorneys who had previously appeared for the defendant, "moved the court to appoint an attorney to defend this suit for and on behalf of said defendant, on the ground that said defendant is insane and incapable of defending his said suit;" which said motion was by the court granted, and P. A. Tutwiler, an attorney at law practicing in said court, was by the court appointed to de-

fend the suit for said defendant. The bill of exceptions recites that, "the said P. A. Tutwiler, who was a practicing attorney at the bar of said circuit court, as an *amicus curiæ,* moved the court to appoint an attorney to defend this suit for and on behalf of the defendant, Martin Dominick, on the ground that the said defendant was at the time of filing said motion insane and incapable of defending his said suit, and was so insane at the time the suit was brought, which motion was argued by counsel and submitted to the court, and upon consideration thereof it was granted, and P. A. Tutwiler, Esq., was appointed to represent the defendant in this suit, and said P. A. Tutwiler appeared and accepted the appointment; and thereupon the said attorney, immediately after his appointment to defend said suit and before filing any plea or pleas in said cause, after he was so appointed to represent said defendant, filed demurrers to plaintiff's complaint." There is nothing, either in the recitals of the judgment entry, or in the bill of exceptions, further than what is stated in the motion made for an appointment of an attorney, to show that the defendant was insane on the 27th day of August, 1895, the date of the filing of the plea in bar. It cannot be affirmed, from the granting of the motion for the appointment of an attorney to defend the suit, that the defendant was *non compòs mentis* at the institution of the suit or the filing of the plea, for it was the duty of the court to make the appointment if the defendant was *nòn compos mentis* at the date of the trial. Matter complained of as error must be shown to be such by the record; otherwise the rulings of the court below will not be disturbed. The demurrers were filed without leave of the court, and no action was taken on the plea in bar, which had already been filed and was still on file. There was no reversible error in the ruling of the court sustaining plaintiff's motion to strike the demurrers from the file.

The fifth plea set up as a defense to the action the statute of frauds. The contract here sued on was in writing and under seal. If it be conceded that the sale made by the register was obnoxious to the statute of frauds for want of any memorandum in writing made

at the time of said sale, it is entirely competent for parties by subsequent contract to take the transaction without the statute. Here the contract sued on was subsequent to the register's sale, and it affirms the validity of that sale, and consequently took the case without the statute. This being shown in the complaint, the matter set up in the fifth plea was no answer to the complaint, and the demurrer was properly sustained.

While it is competent for a non-expert witness to testify that a person is "sick," "diseased," or "has a fever," these being statements of such facts as are perceptible to the senses and not mere expressions of opinion, yet it is not competent for such witness to testify, if the evidence sought calls for an opinion instead of a statement of fact until the witness shall have placed himself within the rule as to expert testimony. To state that a person is stick, or diseased, is a statement of a fact which does not necessarily involve professional knowledge or skill, but to state the particular kind of disease necessarily involves some degree of professional knowledge and skill, and consequently the expression of an opinion. To state that one has a fever is a statement of fact perceptible to the senses of the ordinary man, which it does not necessarily require the knowledge or skill of an expert to determine, but to say whether the patient is suffering with malarial, or yellow fever would require the knowledge and skill of an expert, and necessarily the expression of an opinion.

In the case of *Melton v. Rowland*, 11 Ala. 732, where it was stated that it was competent for a non-expert to testify to the fact that a person was sick, or diseased, or had a fever, and in which case the witness also stated the particular kind of disease, it was clearly intimated in the opinion of the court in this case that if the objection had been properly made to the statement as to the kind of disease it would have been good. The cases of *Wilkerson v. Moseley*, 30 Ala. 562; *Bennett v. Fail & Patterson*, 26 Ala. 605; *Fountain v. Brown*, 38 Ala. 72; *Blackman v. Johnson*, 35 Ala. 252; *Parker v. Coleman*, 35 Ala. 221; *S. & N. R. R. Co. v. McLendon*, 63 Ala. 266, affirmed the doctrine laid down in *Melton v. Rowland*,

*supra,* that a non-expert witness may testify to the fact that a person is diseased, or sick, or has a fever, but they do not support the contention of the appellant that such witness may testify to the particular kind of disease or fever with which the person is afflicted.

It was proposed to prove by the defendant's witnesses in the present case, all of whom were non-expert witnesses, that the defendant had suffered with a stroke of paralysis in the year 1882. On the objection of the plaintiff, the court refused to permit the testimony on the ground that it called for the expression of opinion by a witness who did not come within the rule as to expert testimony. We think the ruling of the court was without error in this regard, and the facts in this case serve to illustrate the correctness of this ruling. The only expert testimony offered was that of Dr. F. M. Peterson, a graduate of several medical institutions of high repute in the country, and who had practiced his profession for fifty years, with much experience in numbers of hospitals. This witness had known the defendant for forty years, was his physician and attended him in the year 1882, and states that the defendant suffered with the rheumatism in his left hip and also had chronic diarrhœa. The nature and character of the disease of the defendant, as stated by this witness, was the expression of the opinion of an expert, based upon knowledge and experience that might impart to it value, and it is such knowledge, skill and experience which renders such testimony admissible and without which it would be incompetent. It is quite probable that what this expert witness described as rheumatism the non-expert witness supposed to be paralysis. We do not, however, intend, in what is said above, to lay down the rule that all expert testimony shall be measured by the standard of such knowledge, skill and experience as was shown by the witness, Dr. Peterson.

Where insanity is a fact in issue, we think the rule laid down in the case of *Burney v. Torrey,* 100 Ala. 172, as to the admission of testimony by non-expert witnesses, the correct rule. It is stated in that case: "Where there has been that long and intimate acquaintance with another to enable the formation of a correct

[Dominick v. Randolph.]

judgment as to the mental condition of such person, the witness may give his opinion that the person is of *sound mind.* Sanity is the normal condition of mankind. The witness with such opoprtunities need not *in limine* be be required to testify to the absence of facts, which, if existing, would be evidence of insanity before giving his opinion that the person is sane. To authorize a non-expert to give his opinion of the existence of an unsound condition of mind, he must not only have had the opportunity to form a judgment, but the facts should be stated upon which it is based. The admission of opinion testimony is an excetpion to the general rule, and in our judgment the ends of justice require in all cases, where the opinion of a non-expert is admissible to show unsoundness of mind, that the facts upon which it is predicated should be stated." It will be observed that, in either event, whether the testimony offered be in support of the proposition of sanity or insanity of the person, to render such testimony competent by a non-expert witness, it must be shown that the witness has had long and intimate acquaintance with the person in question—this long and intimate acquaitance in contradistinction to a casual acquaintance and occasional conversations and interviews.

While we think the evidence shows that the witness, C. E. Waller, had had an acquaintance sufficiently intimate and long with the defendant, Martin Dominick, to render him competent as a non-expert witness to testify to the sanity of the defendant, we do not think the evidence sufficient to bring the witness, Cad Jones, within the rule. He expressly states that his acquaintance with Martin Dominick has not been intimate—only a speaking acquaintance, and his conversations with him occasional, and the most of them of very recent date. This does not sufficiently show that degree of long and intimate acquaintance that would render his opinion as a non-expert witness admissible upon the question of sanity.

On cross-examination by appellee of defendant's witness, J. D. Griffin, this witness was asked: "Was he (meaning defendant) capable of making a deed at that

time?" referring to the deed which this witness testified that the defendant made to one T. F. Hall in 1892. While this question calls for an opinion and conclusion of the witness, and upon direct examination would be improper and objectionable, yet, under the great latitude allowed upon a cross-examination, the court committed no error in overruling the appellant's objection to the question. The witness Griffin had already testified to the insanity of the defendant, which involved the expression of the witness' opinion, he having brought himself within the rule as to non-expert witnesses. It was not objectionable, upon cross-examination, for the purpose of testing the sincerity of the witness, to propound the above interrogatory, although it called for an opinion, or conclusion.

There was no error in the admission in evidence of the report of sale made by the register. The recitals contained in this report were undoubtedly relevant under the issues in the case. The report had been made to, and filed in, the court by the register, in the course of his duty as register, and after the filing of the report there was an order of the chancery court, made in that case, continuing the cause under the former orders of the court, which was a continuance for a resale of the property. This was tantamount to a confirmation of the report of sale and a non-compliance with the same by the purchaser, as made by the register, and made it a part of the records in that cause.

The court charged the jury at the request of the appellee: "That the fact that a man made an improvident bargain, that he is generally unthrifty in his business, or unsuccessful in one or more enterprises, does not, of itself, prove him to be a *non compos mentis.*" This charge asserts a correct proposition of law. *In re Carmichael*, 36 Ala. 514. It is contended by the appellant that the giving of this charge was an invasion of the province of the jury. We do not so understand and construe it. It asserts a legal proposition, and was based upon evidence in the case, which prevented it from being abstract.

The court further charged the jury at the request of the appellee: "Reason being the common gift of God to

man, every man is presumed to be sane, and insanity can only be proved by clear and unexceptionable evidence." This charge also asserted a correct legal proposition.—*Cotton v. Ulmer*, 45 Ala. 396. If, as contended by appellant, that in the giving of this charge there was a tendency to mislead the jury, it was the privilege and duty of the appellant to have asked an explanatory charge. We do not think that in the giving of the charge the court shifted the responsibility of passing upon the competency of evidence from itself to the jury, as contended in argument by appellant's counsel. As an abstract proposition of law it is unobjectionable, and we fail to see wherein the defendant could have been prejudiced by it.

The court charged the jury at the request of the appellee as follows: "In this case the plaintiff is entitled to recover unless they are reasonably satisfied from the evidence that *he* was at the time of making the contract of unsound mind to that extent that he was not capable of attending to the ordinary affairs of life." The only objection to this charge that we can see, is that the word defendant should have been used where the first pronoun *he* occurs in the charge. As it stands the word he would refer to the plaintiff.

The following charge was requested in writing by the appellant: "The court charges the jury that proof of partial insanity will invalidate contracts generally, and would be sufficient to defeat an action upon a contract, which contract was the direct offspring of partial insanity, although the party making the contract, at the time of making it, was sane in other respects upon ordinary subjects." Under the decision of *Cotton v. Ulmer, supra*, this charge contains a correct statement of the law. There was testimony tending to show insanity, and also testimony tending to show a species of mania on the part of defendant, for buying and selling regardless of profit or loss. The charge was, therefore, not abstract, and as asserting a correct legal proposition should have been given.

For the errors pointed out, the judgment of the court must be reversed and the cause remanded.