35    451
36    394

35    451
s38    2

GEHLERT, RESPONDENT, *v.* QUINN ET AL., APPELLANTS.

(No. 2,391.)

(Submitted May 15, 1907. Decided May 27, 1907.)

[90 Pac. 168.]

*Conversion—Splitting Cause of Action—Evidence—Bill of Sale —Recordation—Appeal —Exceptions —Amendments—Harmless Error—Exclusion of Evidence—Fraud—Presumptions— Burden of Proof.*

Conversion—Splitting Cause of Action—When Permissible.

1. Where a sheriff had disposed of a portion of certain personal property, alleged to have been wrongfully seized by him under a writ of attachment, plaintiff could properly split his cause of action and maintain an action in conversion for the goods disposed of, and replevin for the remainder.

Same—Evidence—Bill of Sale—Recordation—Good Faith.

2. Where, in an action in conversion, one of the questions at issue was the *bona fide* transfer of the property to another before attachment, evidence of the recordation of a bill of sale therefor was properly admitted, even though the law makes no provision for the filing for record of such an instrument, since the filing of it in the county clerk's office shed some light upon the amount of publicity attempted to be given to the sale by the parties to it.

Same—Transfer of Property—Good Faith—Exclusion of Evidence—Harmless Error.

3. Defendants, in an action in conversion against a sheriff and his official sureties for the alleged wrongful seizure of personal property, were not prejudiced by the refusal of the district court to permit an inquiry into the relations existing, whether friendly or otherwise, between plaintiff and his former employer, prior to an alleged sale of the property in question by the latter to the former, where during the course of the trial the information sought had been called to the attention of the jury, and where objecting counsel had failed to make a specific and comprehensive offer of proof.

Appeal—Error—Exceptions—Review.

4. In the absence of a showing in the record that appellants took an exception, after objecting to a remark of the court, made during the course of the trial and alleged to have been prejudicial to them, the assignment of error in this regard will not be reviewed on appeal.

Trial—Amendments—Pleadings—Discretion—Review.

· 5. The allowance of an amendment to a pleading, during the course of the trial of a civil cause, rests in the sound legal discretion of the trial court, which is not subject to review where prejudice to appellants is not made apparent.

Conversion—Exclusion of Evidence—Harmless Error.

6. While evidence offered by defendant in an action in conversion against a sheriff for an alleged wrongful seizure of store fixtures and

stock in trade, on the question as to how much stock had been purchased just prior to an alleged sale of the property to plaintiff should not have been excluded, the error in rejecting it was harmless where other witnesses were permitted to testify on the same subject.

Same—Fraud—Review.

7. The jury having found the issues in favor of the plaintiff in the action set out in the foregoing paragraph, its verdict will not be disturbed on appeal on the alleged ground of actual fraud in the transfer of the property just prior to attachment, where, after a re-examination of the evidence, the district court denied a new trial and where the record fails to disclose testimony of such a nature as to warrant a reversal of the judgment for that reason.

Evidence—Clerk of District Court—Dating of Summons—Presumptions.

8. The presumption that the clerk of the district court, in issuing an attachment, performed his duty and properly dated the summons, is disputable, and may be overcome by evidence to the contrary.

Conversion—Fraud—Degree of Proof—Instructions.

9. An instruction, submitted to the jury in an action in conversion, charging that fraud is never presumed, "but must be *clearly and distinctly* proven," was erroneous, in that it advised the jury that something more than a bare preponderance of the evidence was necessary to prove fraud, and therefore imposed too great a burden upon the party alleging it.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by H. M. Gehlert against John J. Quinn and another. From a judgment for plaintiff, and from an order denying defendants' motion for a new trial, they, appeal. Reversed and remanded.

*Messrs. McBride & McBride, Mr. John F. Davies,* and *Mr. John G. Brown,* for Appellants.

A single cause of action cannot be split in order that separate suits may be brought for the various parts of what really constitute but one demand. (1 Ency. of Pl. & Pr. 148; *Beronio* v. *Southern Pacific Ry.,* 86 Cal. 415, 21 Am. St. Rep. 57, 24 Pac. 1093; *Brannenburg* v. *I. D. etc. Ry.,* 13 Ind. 103, 74 Am. Dec. 250; *Bendernagle* v. *Cocks,* 19 Wend. 207, 32 Am. Dec. 448; *South Bend Co.* v. *Cribb Co.,* 105 Wis. 443, 81 N. W. 675; *Taylor* v. *Castle,* 42 Cal. 367; *Herriter v. Porter,* 23 Cal. 385; *Grain* v. *Aldrich,* 38 Cal. 519, 99 Am. Dec. 423; *Hussie* v. *G. O. W. U.,* 35 Cal. 378.) In an action brought to recover possession

of a lot of personal property, wrongfully taken and detained, and if the taking was one continuous and tortious act, a verdict and judgment in that action will be a bar to a subsequent suit for the remainder of the property. (*Herriter* v. *Porter,* 23 Cal. 385; see, also, *Wichita Ry.* v. *Beebe,* 39 Kan. 470, 18 Pac. 502; *Thistler* v. *Miller,* 53 Kan. 521, 42 Am. St. Rep. 302, 36 Pac. 1060; *Continental Co.* v. *Lumber Co.,* 93 Mich. 142, 32 Am. St. Rep. 494, 53 N. W. 394; *Pierro* v. *Railway Co.,* 39 Minn. 453, 12 Am. St. Rep. 673, 40 N. W. 520; *Little* v. *City of Portland,* 26 Or. 243, 37 Pac. 911; *Hesser* v. *Johnson,* 13 Okla. 53, 74 Pac. 320.)

There is no law in Montana providing for the record of a bill of sale. Neither the fact that it was recorded nor the putting in evidence of the date of its record could give to it any greater force or effect than if it had not been recorded, but the putting in evidence of the fact that the bill of sale was recorded, and the putting in evidence of the indorsement showing the date of its record, and the order of the court in refusing to strike out such testimony served to prejudice the jury and convey to them the impression that such filing mark and such record gave it (the bill of sale) unusual weight, and to a certain extent imparted to it a standing as a record which it did not and it had no right to possess; and such ruling of the court was prejudicial to plaintiff's case. (*Bassinger* v. *Spangler,* 9 Colo. 175, 10 Pac. 809; *Allen* v. *Steiger,* 17 Colo. 552, 31 Pac. 226; *Sweeney* v. *Coe,* 12 Colo. 485, 21 Pac. 705.)

*Mr. James H. Baldwin,* for Respondent.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an action in conversion, to recover of Quinn, a sheriff. and his official sureties, damages for the alleged wrongful seizure of the stock and fixtures in a certain meat market in Butte. Plaintiff alleges that the property taken was of the value of $1,500, and that the entire damages suffered by him are $1,800.

The defendants answered that the property was taken by virtue of a writ of attachment against one Fay, and that plaintiff was neither the owner nor in possession thereof at the time of taking. As an affirmative defense the defendants allege that before the commencement of this case the plaintiff had split his cause of action by beginning an action in claim and delivery before a justice of the peace for one horse, wagon, and harness, which property was a part of that taken by the sheriff under his writ at the same time and as a part of the same act or transaction complained of by the plaintiff. The allegation is that Gehlert had judgment before said justice of the peace, and an appeal was had to, and is now pending in, the district court.

By way of reply the plaintiff set forth that the writ of attachment under which justification was attempted was void, because it was issued prior to the issuance of the summons in the case against Fay; it having been issued on November 2, 1905, and the summons on the following day. Plaintiff also denies that he has split his cause of action, and denies that the horse, wagon, and harness were taken with the property mentioned in the complaint or as a part of the same transaction.

The cause was tried before the district court of Silver Bow county, sitting with a jury. A general verdict for $1,500 in favor of the plaintiff was rendered, and in answer to a special question the jury found the actual market value of the property taken to be $957. From a judgment on the general verdict, and an order denying a new trial of the issues, the defendants have appealed to this court.

The first error assigned is based upon the refusal of the court to direct a verdict for the defendants, for the reason that the new matter in the answer was not put in issue by the reply. We have been somewhat at a loss to follow the idea attempted to be conveyed by this reply, especially in view of the fact that the sheriff's return to the writ of attachment shows that the horse, wagon, and harness were taken from him in an action brought, not by the plaintiff, but by Fay. However; we do find therein a denial that the property was all taken at the same time and

as a part of the same transaction. But the evidence leaves no question that the plaintiff has split his cause of action, so that it becomes necessary to inquire whether he had the right to do so.

It appears that, prior to filing complaint in the justice of the peace court against him, the sheriff had disposed of the greater part of the property described in the complaint in this cause. In the case of *Huffman* v. *Knight*, 36 Or. 581, 60 Pac. 207, the supreme court of Oregon said: "It would be protecting a tres-passer, to the injury of the owner, to hold that a person whose property is wrongfully taken by a single trespass cannot maintain an action in replevin, so far as it is the proper and appropriate remedy, for so much of the property as can be included in the action, and trover for the remainder. Otherwise, he would be compelled to waive his right to the possession of the specific property wrongfully and unlawfully taken from him, and which might possess some peculiar and unusual value, and resort to the action of trover, because replevin would not lie for a portion of the property taken at the same time, or to forego a part of his right, and be satisfied with a partial reparation of the wrong." We think this is the correct rule of law, supported by both reason and authority.

On the trial the plaintiff produced the deputy clerk and recorder as a witness, and proved by him, over the objection of the defendants, that a certain bill of sale from Fay to the plaintiff, purporting to transfer the property in question on November 1st, had been filed for record and bore the indorsement of the county clerk as having been filed November 1, 1905, at 12 minutes past 2 o'clock P. M. We find no error in this action of the court, even assuming that the law does not provide for filing such a document. One of the questions at issue was whether Fay had made a *bona fide* transfer of this property to plaintiff before the date of attachment, and evidence of what they actually did, and the manner in which they did it, was admissible as bearing upon their good faith in the transaction. The question of notice is not involved, so that it becomes im-

material whether the instrument was properly filed or not. The amount of publicity attempted to be given the purported sale was a material subject of inquiry, and the filing of the bill of sale in a public office sheds some light upon the matter.

Defendants complain that they were not allowed to inquire of the plaintiff as to the capacity in which he worked for Fay prior to the alleged sale, and of the witness Bechard as to whether the relations of plaintiff and Fay appeared to be friendly or otherwise. These inquiries were pertinent; but the record shows that the jury were informed, during the course of the trial, as to what the general relations of the parties were and what plaintiff's employment was, and we find no prejudicial error in the rulings, in the absence of a specific and more comprehensive offer of proof.

In ruling out the question propounded to the witness Bechard, the court remarked that it was a reasonable presumption that, when one man works for another, they are on good terms. It is now urged that this remark was prejudicial to defendants. It may suffice to say, however, that, while defendants excepted to the ruling of the court on the question of the admissibility of the evidence sought, there is nothing in the record to show that they objected to or took any exception to the remark of the court.

It is urged that the court was in error in allowing the plaintiff to amend his reply; but we cannot agree with the contention. The allowance of the amendment rested in the sound legal discretion of the trial court, and no showing of prejudice to the defendants was made.

Exceptions were taken at the trial to several rulings of the court upon questions propounded to witnesses as to how much stock had been purchased for the market just prior to the alleged sale. These questions were proper, and objections thereto should have been overruled; but on an examination of the record we find that the jury had the benefit of the testimony of several other witnesses on the same subject, and we do not think the defendants were prejudiced by these rulings.

Again, it is urged by the defendants' counsel that the testimony shows actual fraud in the transfer from Fay to Gehlert. The jury, however, found the issues in favor of the plaintiff, the trial court denied a new trial, and the testimony is not of such a nature as to warrant this court in setting aside the verdict for that reason.

Under the issues raised by the answer, the defendants attempted to show that, while the summons was dated November 3d, it was in fact issued and delivered to the sheriff with the writ of attachment on November 2d. While the presumption obtains that the clerk of the court did his duty and properly dated the summons, this presumption is disputable, and the court properly submitted the question to the jury.

The court gave the following instruction to the jury, viz.: "You are instructed that fraud is never presumed, but must be clearly and distinctly proven." Defendants contend that this instruction is erroneous. Subdivision 5 of section 3390 of the Code of Civil Procedure provides that in all proper cases the jury shall be instructed that in civil cases the affirmative of the issue must be proved, and, when the evidence is contradictory, the decision must be made according to the preponderance of the evidence; that in criminal cases guilt must be established beyond a reasonable doubt. Without analyzing the instruction complained of, to the extent of arriving at its exact meaning, we have no hesitancy in holding that it advised the jury that something more than a bare preponderance of testimony was necessary to be produced by the defendants on the question of fraud, and therefore laid too great a burden upon them. There is but one rule in this state by which civil cases triable by jury are to be determined, and that rule is found in the statute just quoted. Cases may be found in which courts of other states have held that in certain civil actions a higher quality of proof is required than in others; but there is no such rule in Montana. In this jurisdiction all such civil cases are to be decided according to the greater weight of the evidence, and a bare preponderance in favor of the party holding the affirmative of the issue

is sufficient to warrant, and should result in, a decision in his favor. Cases may be found in which it is held that the expressions "clear," "convincing," "satisfactory," and "clear of all reasonable doubt;" as applied to evidence, substantially convey the same idea and require the same degree of proof, to-wit, beyond a reasonable doubt. (See *Winston* v. *Burnell,* 44 Kan. 367, 21 Am. St. Rep. 289, 24 Pac. 477.) It is only necessary to decide here that the expression "clearly and distinctly proven" means something more than proven by a preponderance of the evidence, and to suggest that any attempt to vary the rule laid down by the statute is fraught with danger and should be avoided. Juries should be instructed on all proper occasions, in civil cases, that their decision should be made according to the preponderance of the evidence.

The jury by their verdict awarded general damages in excess of the amount claimed in the complaint, but this will probably not occur again.

The judgment and order of the district court of Silver Bow county are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.