(99 South. 163)

**WASHAM et al. v. BEATY. (5 Div. 825.)**

(Supreme Court of Alabama. Dec. 13, 1923. Rehearing Granted Jan. 31, 1924.)

1. **Ejectment ⚖═31—Jury findings on former trial not res adjudicata.**

In ejectment in which defendants pleaded insanity of grantor's wife at the time she executed deed to plaintiff a jury finding on a former trial that she was insane was not res adjudicata as to that issue or any other issue there determined.

2. **Trial ⚖═228(3)—Elliptical instruction held properly refused.**

A charge omitting a word *held* properly refused as elliptical.

3. **Evidence ⚖═67(2) — Previous insanity not presumed to exist at execution of deed unless shown to be permanent.**

The fact of previous insanity is not presumed to exist when a deed is executed unless it is shown to be of a permanent nature as distinguished from temporary or spasmodic insanity.

4. **Trial ⚖═240—Instruction held argumentative.**

In ejectment where defendants pleaded insanity of the wife of plaintiff's grantor at time of execution of deed, defendant's charge that in determining the issue of insanity witnesses intimately and closely associated with the wife were "more likely to have knowledge of facts, acts and conduct" of the wife "to base their opinions upon * * * than those witnesses who are not so situated," was argumentative and properly refused.

5. **Deeds ⚖═196(1)—Burden on one contesting deed for insanity to prove existence when executed, since law presumes sanity.**

Since the law presumes every man sane until there is evidence to the contrary, the burden is on the party attacking a deed of homestead for insanity of grantor's wife, to show incapacity at the time of execution; evidence of prior incapacity being insufficient to raise a presumption of insanity at a subsequent time in the absence of proof of its permanence.

6. **Ejectment ⚖═110—Instruction putting burden of proof of insanity on party asserting it held properly given.**

In ejectment, there was no error in giving plaintiff's charge that defendant had the burden of reasonably satisfying the jury "by the preponderance of evidence" that the wife of plaintiff's grantor did not have sufficient capacity to fairly understand the nature of the deed in evidence, though it could have been refused without error for the use of the word "preponderance."

7. **Appeal and error ⚖═1056(2)—Sustaining objection to question as to which witnesses had already been fully examined held not reversible error.**

In ejectment, on the issue of sanity of plaintiff's grantor's wife, there was no reversible error in sustaining plaintiff's objections to defendants' question to two witnesses, where the witnesses were fully examined on direct and cross as to the condition, conduct and symptoms of the wife, and, in effect, answered the questions to which objections were sustained.

8. **Evidence ⚖═502—Question to witness testifying to insanity, as to dealings with person claimed to be insane, held proper.**

In ejectment where defendant pleaded insanity of plaintiff's grantor's wife, plaintiff's question on cross-examination to a witness testifying to such insanity, if she (the witness) and her husband did not accept a deed from the wife, was proper, as showing a circumstance affecting witness's testimony.

9. **Evidence ⚖═474(4)—Nonexpert opinion as to sanity of grantor by old acquaintance held admissible.**

In ejectment where defendant pleaded insanity of plaintiff's grantor's wife, a witness, though a nonexpert, who testified to long and intimate acquaintance with the wife, *held* properly permitted to give his opinion as to her sanity.

On Rehearing.

10. **Evidence ⚖═596(1)—Reasonable satisfaction by proof held sufficient.**

Any fact in issue is proved, and must be found proved, when the evidence before the jury reasonably satisfies them of its existence.

11. **Trial ⚖═237(3) — Instruction requiring proof of insanity by "clear" and "unexceptionable" evidence held reversible error.**

In ejectment where defendant pleaded insanity of plaintiff's grantor's wife an instruction that "insanity can only be proved by clear and unexceptionable evidence" *held* reversible error as requiring too high degree of proof, since "unexceptionable" means without any fault, not subject to any objection or criticism, and "clear" has a meaning in excess of the requirement of reasonable satisfaction by proof (citing Words and Phrases, First and Second Series, "Clearly Preponderating").

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Clear.]

**12. Insane persons &#9758;2—Proof of insanity requires no more evidence than other fact issues.**

There is no difference as to measure and sufficiency of proof or character of evidence required between the issue of insanity and any other issue of fact that can arise in civil cases.

Gardner and Miller, JJ., dissenting in part.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Action of ejectment by T. J. Beaty against W. L. Washam and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded on rehearing.

Charges 2 and B, refused to defendants, are as follows:

"2. I charge you, gentlemen of the jury, that if you are reasonably from the evidence in this case that Mrs. Frances A. Washam was insane before the date on which the deed was executed to T. J. Beaty then, unless you are further reasonably from the evidence that she recovered from such insanity before the deed was executed, you should return a verdict for the defendants."

"B. I charge you, gentlemen of the jury, that, in determining the sanity or the insanity of Mrs. Frances Washam at the time she and her husband are alleged to have executed the deed to the plaintiff, the evidence of those witnesses who were intimately and closely associated with Mrs. Washam are more likely to have knowledge of facts, acts and conduct of the said Mrs. Washam, to base their opinions upon whether or not she was a person of unsound mind, than those witnesses who are not so situated."

Charges 2, 3, and 5, given for plaintiff, are as follows:

"2. The court charges the jury that, reason being the common gift of God to man, every man is presumed to be sane, and insanity can only be proved by clear and unexceptionable evidence."

"3. The law presumes every man to be sane until there is evidence to the contrary. The burden is upon the party attacking a conveyance to show the incapacity of the grantor at the time it was made, and insanity prior to that time does not raise the presumption of insanity at a subsequent time, unless it is shown that the insanity is of a permanent nature. Proof of insanity at intervals or of a temporary character would create no presumption that it continued up to the execution of the instrument, and the burden would be upon the attacking party to show insanity at the very time of the transaction."

"5. I charge you, gentlemen of the jury, that the burden is on the defendant to reasonably satisfy you by the preponderance of evidence that the wife of the grantor to plaintiff did not have sufficient capacity fairly to understand the nature of the deed in evidence."

James W. Strother, of Dadeville, and John A. Darden, of Goodwater, for appellants.

Insanity, once established, is presumed to continue. Wray v. Wray, 33 Ala. 187; Dick-en v. Johnson, 7 Ga. 484; Ellars v. Mossbarger, 9 Ill. App. 122; Rawdon v. Rawdon, 28 Ala. 566; Pike v. Pike, 104 Ala. 642, 16 South. 689; Johnson v. Armstrong, 97 Ala. 731, 12 South. 72; O'Donnell v. Rodiger, 76 Ala. 222, 52 Am. Rep. 322. Charge 2, given for plaintiff, exacts too high a degree of proof; it is only necessary in any case to reasonably satisfy the jury by a preponderance of evidence. Parrish v. State, 139 Ala. 50, 36 South. 1012; Maxwell v. State, 89 Ala. 150, 7 South. 824; Blair v. Jones, 201 Ala. 293, 78 South. 69; Wilbur v. Wilbur, 129 Ill. 392, 21 N. E. 1076; English v. Porter, 109 Ill. 285; Fay v. Burditt, 81 Ind. 433, 42 Am. Rep. 142; Dorchester v. Dorchester, 50 Hun, 600, 3 N. Y. Supp. 238; Mo. Pac. v. Brazzil, 72 Tex. 233, 10 S. W. 403; Titcomb v. Vantyle, 84 Ill. 371; Harrison v. Harrison, 126 Ala. 323, 28 South. 586; 22 Cyc. 1116; Parsons v. State, 81 Ala. 577, 2 South. 854, 60 Am. Rep. 193; Lide v. State, 133 Ala. 63, 31 South. 953; Martin v. State, 119 Ala. 1, 25 South. 255. The case of Dominick v. Randolph, 124 Ala. 577, 27 South. 481, is out of harmony with the rule prevailing in all other cases, and should not be permitted to stand.

Holley & Milner, of Wetumpka, for appellee.

If there be error in sustaining objection to a question calling for evidence subsequently admitted, it is without injury. 1 Michie's Ala. Dig. 1058. Charge 2, given for plaintiff asserted a correct proposition of law. Dominick v. Randolph, 124 Ala. 565, 27 South. 481; Cotton v. Ulmer, 45 Ala. 396, 6 Am. Rep. 703. Charge 3, given for plaintiff, was free from error. If misleading in tendency, explanatory instruction should have been requested. Pritchard v. Fowler, 171 Ala. 662, 55 South. 147; 1 Michie's Ala. Dig. (Appeal and Error) § 216. Charge 5 is correct. Frederick v. Wilkins, 182 Ala. 343, 62 South. 518. Defendant's requested charges 2 and 3 were defective, and properly refused. Councill v. Mayhew, 172 Ala. 295, 55 South. 314; Bancroft v. Otis, 91 Ala. 291, 8 South. 286, 24 Am. St. Rep. 904.

ANDERSON, C. J. This is an action of ejectment brought by the appellee, as purchaser of a piece of land conveyed to him by Washam, deceased, and under whom the defendants claim title and that the conveyance to the plaintiff was invalid for the reason that the grantor was a married man, the land was his homestead, and, while the wife executed and acknowledged the deed in conformity with the statute, she was at the time insane and not legally responsible. In the case of Beaty v. Washam, 205 Ala. 92, 87 South. 337, this court held that, if the wife was insane at the time she executed the deed conveying the homestead, the said convey-

ance was void. So the sole question involved and submitted to the jury upon the trial from which this appeal was taken was the sanity vel non of Mrs. Washam when she executed the deed to the appellee Beaty, and there was judgment for the plaintiff.

[1] The appellants contend for error in the refusal of the general charge requested by them for the reason that upon the former trial. and in which the judgment was affirmed, the jury found that the deed was invalid because of the insanity of the wife and that said finding is conclusive as to this issue in this, the second action of ejectment. This contention is unsound, as said finding in the first action is not res adjudicata as to this or any other issue there determined in the second action. Williamson v. Mayer, 117 Ala. 253, 23 South. 3.

[2, 3] There was no error in refusing charge 2, requested by the defendants. It is elliptical, as it omits the word "satisfied." Moreover, the fact of previous insanity is not presumed to exist when the deed was executed unless it was shown to be of a permanent nature as distinguished from temporary or spasmodic insanity. Pritchard v. Fowler, 171 Ala. 662, 55 South. 147.

[4] There was no error in refusing defendants' requested charge B. If not otherwise faulty, it is argumentative.

While charge 2, given at the request of the plaintiff, could have been well refused, it is a copy of one given in the case of Dominick v. Randolph, 124 Ala. 557, 27 South. 481, wherein the court held that, while it was misleading, it was the privilege and duty of the appellant to have asked an explanatory charge and that the giving of same was not reversible error.

[5] There was no error in giving the plaintiff's requested charge 3. It states the law. Pritchard v. Fowler, 171 Ala. 662, 55 South. 147.

[6] There was no error in giving plaintiff's charge 5, though it could have been refused without error for the use of the word "preponderance." Green v. Sou. States Co., 163 Ala. 511, 50 South. 917, and cases there cited.

[7] There was no reversible error in sustaining the plaintiff's objections to the question of defendants to the witnesses Abernathy, and Miller, as these witnesses were fully examined on direct and cross as to the condition, conduct, and symptoms of Mrs. Washam, and, in effect, answered the questions to which objections were sustained.

[8] There was no error in permitting the plaintiff to ask Mrs. W. I. Washam on cross-examination if she and her husband did not take a deed from Mrs. Washam after they moved back. She had testified that Mrs. Washam, Sr., was insane, and the fact that she and her husband dealt with her in a business way at that time would be a circumstance affecting her testimony, the probative force of the circumstance being a ques-

tion for the jury. Hughes v. Bullen, 209 Ala. 134, 95 South. 379.

[9] We think that the witness Dobson testified to such a long and intimate acquaintance with Mrs. Washam as to permit him to give his opinion, though a nonexpert, as to her sanity. Pritchard v. Fowler, supra.

There is no merit in the other assignments of error as to the rulings upon the evidence.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur, except SAYRE and SOMERVILLE, JJ., who dissent.

SOMERVILLE, J. (dissenting). In Shelton on Insanity—written by an Englishman 75 years ago—the author said:

"Reason being the common gift to man raises the general presumption that every man is in a state of sanity, and that insanity ought to be proved; and in favor of liberty and of that dominion which, by the law of nature, men are entitled to exercise over their own persons and properties."

The context shows that the author had in mind a finding of insanity as a deprivation of personal liberty, and he prudently observed that—

"The existence of insanity is a fact which, by the law of England, is not in general decided without the intervention of a jury, whose decision in such cases ought to be found on *clear and unexceptionable evidence* submitted to their consideration." (Italics supplied.)

This language of Mr. Shelton was quoted by Peck, C. J., in his opinion in Cotton v. Ulmer, 45 Ala. 378, 396, 397, 6 Am. Rep. 703, but without any application whatever to the questions there presented; for the two instructions under review involved no question as to the measure of proof, or the character of the evidence necessary, in the establishment of insanity.

But the bearing of the language did not go unnoticed, and in Dominick v. Randolph, 124 Ala. 557, 565, 566, 27 South. 481, 485, counsel asked and the trial judge gave to the jury, this charge:

"Reason being the common gift of God to man, every man is presumed to be sane, and insanity can only be proved *by clear and unexceptionable evidence.*" (Italics supplied.)

On appeal this court said:

"This charge also asserted a correct legal proposition. Cotton v. Ulmer, 45 Ala. 396. * * * We do not think that in the giving of the charge the court shifted the responsibility of passing upon the competency of evidence from itself to the jury, as contended in argument by appellant's counsel. As an abstract proposition of law it is unobjectionable, and we fail to see wherein the defendant could have been prejudiced by it."

Thus has the mere expression, by an old text-writer, of a philosophical precaution,

which was impertinently quoted in the opinion in Cotton v. Ulmer, supra, been accepted by this court as a correct principle of law, and thus has the simple rule of proof in civil cases—so often announced, and so scrupulously preserved—been corrupted.

That rule is that any fact in issue is proved and must be found as proved, when the evidence before the jury reasonably satisfies them of its existence.

The jury are not limited to a consideration of evidence which they or the trial judge may regard as either "clear" or "unexceptionable." It is enough if the evidence which has been placed before them—all of it, and not merely such as a selective discrimination might approve as "clear and unexceptionable" —produces a reasonable conviction, or reasonable satisfaction. "Clear" has a meaning in excess of that requirement, as this court has repeatedly declared.

In Wilcox v. Henderson, 64 Ala. 535, 543, it was said that an instruction that the jury must be "clearly convinced" lays down "too exacting a rule."

In Wilkinson v. Searcy, 76 Ala. 176, 182, it was said that "clearly and satisfactorily convinced" required too high a measure of proof.

In Morrow v. Campbell, 118 Ala. 330, 341, 24 South. 852, 855, it was held that a given instruction that the proof of a fact should be "clear and convincing" exacted a "too high degree of proof," and "was therefore erroneous and should have been refused." The opinion in that case was written by Chief Justice Brickell, and I do not overlook the fact that in an earlier case (Edwards v. Whyte, 70 Ala. 365, 370) that learned judge had written that an instruction that a certain fact must be proved "to the satisfaction of the jury, by clear and satisfactory evidence," could not be intended to assert a higher degree of proof than reasonable satisfaction. It is plain that, had the instruction omitted the clause "to the satisfaction of the jury," and required proof by "clear and satisfactory evidence," it would have been condemned as erroneous. In my judgment it was erroneous in either form.

In Griffith v. State, 90 Ala. 583, 588, 8 South. 812, a requested instruction that the defendant's participation in the crime could not be found, "except upon clear and distinct proof of it," was held properly refused, because it tended to impress the jury with the idea that the evidence "must be of such character as to produce conviction of guilt beyond any doubt," and it was condemned as "inapt and inaccurate."

If "clear and distinct" proof has a tendency to mean, and may mean, more than proof beyond a reasonable doubt in criminal cases, it certainly must mean more than proof to the reasonable satisfaction of the jury, in civil cases.

In Peterson v. Bauer's Estate, 76 Neb. 652, 663, 111 N. W. 361, 362, it was said that the requirement that a fact must be shown by "clear and satisfactory" evidence means that the nature of the case demands a closer scrutiny of the evidence than in an ordinary controversy. And in other cases it has been said that such a requirement demands a greater degree of proof than a preponderance of the evidence—such a degree, in fact, as is necessary to establish fraud, or prove mistake, in a written instrument. Chicago, etc., R. R. Co. v. Nebraska Ry. Commission, 85 Neb. 818, 124 N. W. 477, 481, 26 L. R. A. (N. S.) 444.

In Montana a statute requires a decision of facts in civil cases to be according to the preponderance of the evidence. In condemning an instruction that fraud is never presumed, but must be "clearly and distinctly proven," the Montana court said:

"Cases may be found in which it is held that the expressions 'clear,' 'convincing,' 'satisfactory,' and 'clear of all reasonable doubt,' as applied to evidence, substantially convey the same idea and require the same degree of proof, to wit, beyond a reasonable doubt. See Winston v. Burnell, 44 Kan. 367, 21 Am. St. Rep. 289, 24 Pac. 477. It is only necessary to decide here that the expression 'clearly and distinctly proven' means something more than proven by a preponderance of the evidence, and to suggest that any attempt to vary the rule laid down by the statute is fraught with danger and should be avoided. Juries should be instructed on all proper occasions, in civil cases, that their decision should be made according to the preponderance of the evidence." Gehlert v. Quinn, 35 Mont. 451, 458, 90 Pac. 168, 170, 119 Am. St. Rep. 864, 868.

In Coyle v. Commonwealth, 100 Pa. 573, 580, 45 Am. Rep. 397, where the instruction in a homicide case required the defense of insanity to be proven by clearly preponderating evidence, it was held as equivalent to proof beyond all doubt and uncertainty, and the instruction was declared erroneous. To the same effect see People v. Wreden, 59 Cal. 392, 395, and State v. Stewart, 52 Iowa, 284, 3 N. W. 99, 101. See, also, 2 Words and Phrases, First Series, p. 1223, and 1 Words and Phrases, Second Series, 736.

I think it is pertinent here to observe, also, that, in reviewing the verdict of a jury on appeal, the rule of this court is that it will not be set aside unless the preponderance of the evidence against them is "so decided as to clearly convince the court that it is wrong and unjust." Cobb v. Malone, 92 Ala. 630, 635, 9 South. 738, 740. "Clear," or "clearly," is highly exacting in its application to issues of fact, and always means more than merely reasonably satisfying.

But the instruction here under review contains a word of restriction which is more exacting, and more mischievous in its effect, than is the word "clear."

"Unexceptionable" is defined in the New Standard Dictionary as meaning not subject to exception or objection; faultless; admirable. In popular understanding, I think that

for anything to be "unexceptionable" it must be without any fault, and not subject to any objection or criticism. Surely it is wrong to instruct a jury in a civil case that any relevant fact can be proved only by evidence that is faultless in its character, and subject to no objection or criticism. That is what the language of this instruction means—nothing less.

The approval of such an instruction as to the proof of insanity will in time corrupt and change our simple formula of "reasonable satisfaction"; for, when that instruction is requested and given upon other issues of fact, my brethren will find it difficult, and I think impossible, to find any reason for restricting its application to the issue of insanity.

There is, indeed, no difference, as to the measure and sufficiency of proof, or character of evidence, required, between the issue of insanity and any other issue of fact that can arise in civil cases. In Coghill v. Kennedy, 119 Ala. 641, 666, 667, 24 South. 459, 472, it was expressly held that, even where a legal presumption is to be overcome, "the true measure of proof, to justify a verdict based upon it, is that it shall reasonably satisfy or convince the minds of the. jury." This instruction, it clearly appears, is a negation of that principle; for, after stating that "every man is presumed to be sane," it adds, in causal sequence, "and can only be proved by clear and unexceptionable evidence," thus setting aside the issue of insanity as peculiar, exceptional, and different.

In Dominick v. Randolph, supra, as already noted, it was said that the instruction stated a correct principle of law, and that, if it had any tendency to mislead the jury, an explanatory charge should have been requested. In the prevailing opinion herein it is said that the instruction could have been properly refused as misleading. If it states a correct principle of law, I am at a loss to understand how it can be misleading in its tendency, as given to the jury in this case; nor can I conceive of any truly corrective charge which would not flatly contradict it.

In my judgment the instruction in question is erroneous and mischievous, and I think that it should be condemned, and that Dominick v. Randolph, 124 Ala. 557, 27 South. 481, should be overruled as not in harmony with the settled rules which govern the determination of issues of fact by juries in this state.

SAYRE, J., concurs in the foregoing opinion, and joins in the dissent as therein expressed.

On Rehearing.

ANDERSON, C. J. [10-12] Upon a reconsideration of this case a majority of the court composed of the writer, SAYRE, SOMERVILLE, THOMAS, and BOULDIN, JJ., are of the opinion that the trial court erred in giving the plaintiff's requested charge 2, and that the cause should be reversed for the reason pointed out in the foregoing dissenting opinion of SOMERVILLE, J. The rehearing is accordingly granted, the judgment of affirmance is set aside, and the judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER and MILLER, JJ., adhere to the discussion of this charge in the original opinion of the court and dissent.