WEEKS ET AL. v. McBETH ET AL.

1. Although it be shown, that a will was once executed, yet if it remained in the possession of the testator, and cannot be found after his death, the presumption of law is, that it was destroyed *animo revocandi.*

2. This presumption may be rebutted, by showing that it was destroyed by accident, or mistake, or when the testator was insane. The declarations of the testator, are admissible to strengthen or repel this presumption, when the will is not produced.

Error to the Orphans' Court of Pike.

THE defendants in error offered for probate a copy of the last will and testament of Walter McBeth, alledging that the original was duly executed by the deceased, in the presence of the witnesses, who attested the same; and that at the time of the execution of the will, he was of sound mind, and disposing memory. That since the execution of the will, it has been lost or mislaid, so that the original cannot be produced.

The plaintiffs in error, contesting said will, against the probate thereof alledged—1. That said supposed will, was not in fact the last will and testament of the deceased.

2. That the instrument offered for probate, is but an abstract of the original, and that the original was revoked, and canceled by the deceased.

Issue being taken thereon, and testimony introduced, the plaintiffs in error, for the purpose of showing that the will had been revoked by the testator, offered in evidence his declarations, that he had burned the will. But the court ruled, that a revocation could not be proved by the declaration of the testator, and excluded it from the jury; to which the contestants excepted. This is now assigned as error.

COCHRAN & SAYRE, for plaintiffs in error, cited Betts v. Jackson, 6 Wend. 188; 4 Kent's Com. 532, and note.

BUFORD, contra.

DARGAN, J.—Although it be shown that a will was once executed, yet if it remained in the possession of the testator, and cannot be found after his death, the presumption of law is, that it was destroyed by him *cum animo revocandi.* 4 Kent's Com. 532; 6 Wend. 173; 2 Hagg. 613; McBeth v. McBeth, 11 Ala. 596. This legal presumption may however be rebutted, by showing that the will was destroyed by accident or mistake, or when the testator was insane; and when the point of inquiry is, with what intention the will was destroyed, the declarations of the testator are admissible to show, that it was done by mistake, and not with the intention to revoke it. The declarations of the testator are also admissible to strengthen this presumption of revocation, and to show that the will was destroyed by the testator *animo revocandi.* It is the invariable rule in the courts of England, to admit the declarations of the testator, either to strengthen, or to repel the presumption of revocation, arising from the non-production of the will, after the death of the testator; or to explain the act of destroying, or canceling it. 1 Jarman on Wills, 116; H. Blacks. Rep. 1043; 6 Wend. 173. These declarations of the testator, however, are to be weighed by the jury as other proof, and they may attach such importance, or give such credit to them as they may deserve under all the circumstances of the case; yet they are clearly admissible as evidence, to prove or disprove a revocation of a will, when the will itself cannot be produced. But it is contended, that this rule of evidence is altered by our statute, which declares, that no will in writing, shall be revoked by any subsequent will, codicil, or declaration, unless the same be in writing. Clay's Dig. 597. This statute has no influence on the question; it is only applicable where the will itself is produced, and it is sought to be avoided by a subsequent will, codicil, or the declarations of the testator showing a revocation of it. But when the will itself is not produced, the presumption of law is, that it was revoked, and to repel or

strengthen this presumption, the declarations of the testator are admissible.

The court erred in rejecting the evidence of the declarations of the testator, that he had burnt the will; and for this error, the judgment is reversed, and the cause remanded.