## ATTEMPTED DESTRUCTION OF PART OF WILL BY TESTATOR.

[Circuit Court of Lucas County.]

ELLA S. COGHLIN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE. ESTATE OF JOHN D. COGHLIN, DECEASED, v. JOHN T. COGHLIN, EXECUTOR OF THE WILL OF DENNIS COGHLIN, ET AL.

Decided, February 16, 1907.

*Wills—Contest of, on Ground of Revocation—By Tearing a Page from the Will—Intent of Testator as to Revocation—May be Shown by Parol Evidence as to His Declarations—Charge of Court—Section 5953.*

C tore one sheet from his will and then tore the sheet into pieces and threw it into the waste basket. The pieces were afterward rescued and put together in proper order, and the sheet in legible condition and without the knowledge of C was restored to its place in the will. At the trial, contesting the will on the ground that it has been revoked by tearing, the attorney of the testator testified as to certain conversations had by him with the testator both prior and subsequent to the tearing of the sheet from the will. *Held:*

1. To effect a revocation of a will by its destruction, or by its partial destruction, cancellation or obliteration, the intention to revoke must concur with the physical act of destruction or partial destruction.

2. The declarations of the testator with reference to the will, before or after an attempt to destroy it, in whole or in part, are competent evidence in determining his intention, and a charge of court which restricts the jury in their consideration of such evidence to its bearing upon the intention of the testator is a proper charge.

WILDMAN, J.; HAYNES, J., and PARKER, J., concur.

This is a will contest and comes into this court on error from the court of common pleas. Judgment below was against the contestants. Dennis Coghlin died in August, 1900, and after his death a will, which had been executed in 1893, and to which a codicil had been added in 1896, was admitted to probate. The contest subsequently instituted was based upon a claim that in

the fall of the year 1898 Coghlin had revoked this will by tearing it, with an intention of revocation.

The case is one of importance, perhaps by reason of the valuable estate disposed of by the will, but, so far as the issues before us are concerned, they are not complicated or numerous. The claims of the plaintiffs in error are based on Section 5953, Revised Statutes, reading, so far as pertinent to the present inquiry, as follows:

"A will shall be revoked by the testator tearing, cancelling, obliterating, or destroying the same—with the intention of revoking it—by the testator himself, or by some person in his presence, or by his direction."

It appears by the testimony that in the fall of 1898, Dennis Coghlin, in the presence of one person, who testified in the case subsequently as a witness, tore from his will, which was somewhat voluminous, one sheet thereof, and threw it into a waste paper basket. The remaining part of the will, including his own signature and the signatures of the attesting witnesses, he laid upon a table by his side. There is no evidence of any accompanying words expressive of his intention either to revoke or not to revoke the will. The will having been admitted to probate, the burden rests, of course, upon the contestants to overcome the *prima facie* case thus made in favor of the validity of the will. The claim of the contestants is, that a destruction or attempted destruction of the particular part of the will which was torn so far interfered with the general plan of the will, and with the provisions written therein, as to evidence clearly the intention of the testator to effect a complete revocation of the instrument.

On the other hand, it is urged that there is no evidence tending to show an intention to destroy or revoke anything more than the particular part of the will found on the page which was torn, and that the preservation of the rest of the will is clear and convincing evidence that it was not the intention of Dennis Coghlin to destroy or revoke the entire instrument.

In the case of *Giffin et al* v. *Brooks*, 3 Circuit Court Reports, 110, it was held by the Circuit Court of the Seventh Circuit,

and fully expressed in the opinion rendered by Justice Laubie, that, under the section which I have just read, of the Revised Statutes, providing for a revocation of wills, that: "A clause of a will can not be revoked by the testator drawing ink lines through the words thereof, with an intent to revoke such clause, but not with an intent to revoke the whole will." And in the next clause of the syllabus:

"In such case, where all the words of such clause remain legible, the whole will should be admitted to probate, including such erased clause as a valid part of such will."

The opinion is somewhat long and I will not read from it. It discusses the construction of the statute and the results of the act of drawing pen lines over a part of the will, as it is said was done in the case cited.

This case of *Giffin* v. *Brooks* went to the Supreme Court and was affirmed in 48 O. S., page 211.

In the case before us, after Dennis Coghlin had thrown into the waste paper basket the part of the will which he had torn, it was taken from the basket by a gentleman present, and not being disfigured or made illegible, it was subsequently pasted together and replaced in the original will. The testimony does not disclose who made this restoration. Subsequently the entire will so restored was handed to an attorney, Mr. Waite, who testified also as a witness and with regard to whose testimony some question has been raised.

It is manifest from a reading of the section of the statute referred to, that the question whether or not the will was revoked is largely a question of intention. Two things must concur for a revocation—an intention alone will not do it; there must be some act, either a destruction or partial destruction or obliteration of the will, and this must concur with an intention cn the part of the testator to revoke, not simply to amend. If it was the intention of Dennis Coghlin to extract from the will the items appearing on the page torn from the will, and if that was his only intention, then, inasmuch as the part which so torn from the will still remained legible and was subsequently restored to it, the will would not be revoked. The question

of intent was clearly one for the jury. The case was properly submitted to the jury upon this issue, and the jury found in favor of the defendants.

To our minds not only is the position of the plaintiff in error —that the verdict is clearly against the weight of the evidence— untenable, but it seems to us that the evidence strongly indicated that it was the intention of the testator not to destroy the will *in toto*. And this inference is strengthened by the testimony of Mr. Waite, the attorney, as to conversations and transactions with Mr. Dennis Coghlin prior to and subsequent to the tearing of the will. I will not go over this testimony in detail. It was objected to by plaintiffs in error, and the admission of the testimony by the court is laid as one of the grounds of the claim of error here. It is sufficient to say that the testimony of Mr. Waite discloses the fact that, prior to the tearing of the will, Dennis Coghlin had expressed an intention of making certain changes as to the management of his estate, by substituting John Coghlin for Amadus. in one of the items of the will, as a sort of trustee or manager of the estate after his death. There was talk between Dennis Coghlin and Mr. Waite about the making of a change in the will, so as to substitute the name of John Coghlin for that of Amadus, and in pursuance of that conversation Mr. Waite drew two separate codicils, which, although never executed or signed by Dennis Coghlin, were the result of the interviews between Mr. Waite and him. There was also testimony as to declarations and conduct of Coghlin after the tearing of the instrument.

Was this testimony as to the subsequent conduct and conversations of Dennis Coghlin competent, or did the court err in its admission?

In the case of *Behrens* v. *Behrens*, 47 O. S., 323, we have a case of an alleged spoliation of a will, which, in our judgment, governs the consideration of the present case in the respect to which I have just referred. I read from the syllabus:

"When a will, once known to exist, and to have been in the custody of the testator, can not be found after his decease, the legal presumption is that it was destroyed by the testator with the intention of revoking it.

"To strengthen such presumption, it is competent to prove the declarations of the testator after making his will, that he had destroyed, or intended to destroy, the same."

While this is as far as the court went in its statement in the syllabus of the case, it is very clearly indicated in the opinion, announced by Judge Dickman, that such evidence was admissible, not only to strengthen a presumption of destruction of a will, but, on the other hand, to weaken it. It was competent when offered by either party. But it is urged by counsel for plaintiffs in error that the case of *Behrens* v. *Behrens* had reference to a lost will, and that the ruling of the court would not apply to the case of the partial destruction of a will, effected by tearing or obliterating any part of its contents. We think that this position can not be maintained, in view of the approved citations of other cases by Judge Dickman, upon which cases the court evidently bases its conclusions. Among other cases cited is that of *Lawyer* v. *Smith*, 8 Mich., 411, 412. Judge Dickman says of this case:

"After the death of the testatrix, a will twenty-five years old was discovered in a barrel among some waste papers and either torn or worn into several pieces.  *  *  *  Whether the injury to the instrument was done by the testatrix or by some other person, and if by her, whether accidentally or intentionally, and for the purpose of revoking the will, are questions of fact for the jury; and to aid them in determining these questions and not as separate and independent evidence of a revocation, the declarations of the testatrix, made after the date of the will, that she had destroyed it, are competent evidence."

The court also cites *Patterson* v. *Hickey*, 32 Georgia, 156, as deciding "that where the question is *revocavit vel non*, parol evidence as to the acts and declarations of the testator are admissible, although made at any time between the making of the will and the death of the testator."

Judge Dickman adds:

"A will is said to be ambulatory until the testator dies. Until his death the instrument has no force or effect, and until then, he has the power to cancel or revoke it. If from being clothed with this power the presumption arises after his death that he de-

stroyed his will, that presumption will be aided by his declarations as expressive of his feelings and intention."

In *Weeks et al* v. *McBeth*, 14 Ala., 475, as quoted by Judge Dickman, with seeming approval, it was held that the declarations of the testator are also admissible to strengthen the presumption of revocation, and to show that the will was destroyed by the testator *animo revocandi*. It is the invariable rule in the courts of England to admit the declarations of the testator, either to strengthen or to repel the presumption of revocation, arising from the non-production of the will, after the death of the testator; or to explain the act of destroying or cancelling it.

Another case cited is *Smiley* v. *Gambill, Ex'r*, 2 Head, 164. This is a similar case, where a paper which the testator had thought to be a will was burned, and the question there was whether the burning was with the intention to revoke, or otherwise, and it was held that the declarations alone might not be sufficient, but they were competent, and it would be for the jury to determine whether they, together with other facts proved, made out the intention to revoke.

There are other authorities cited by Judge Dickman in this case of *Behrens* v. *Behrens*, along the same line and bearing on the position taken by counsel that some distinction is to be made between the case of a lost will and that of one partly or wholly destroyed. We think that there is no distinction in principle. In either case the intention of the testator is to be arrived at, and if his own declarations or conduct subsequent to whatever act he did with reference to the will, is competent as evidence for its bearing upon his intention, then it would seem that such evidence must be competent in every case where the intention of the testator is sought.

The trial judge in his charge to the jury made a proper use of this evidence. He restricted the jury in their consideration of it to its bearing upon the intention of the testator. His words and his conduct were not to be used by them to determine whether or not he had attempted to destroy a part of the will—indeed, as to this matter, there was no dispute; there was no contradiction of the testimony of the one witness as to the fact of the tearing of the paper. The paper, which appears as a part of the bill of

exceptions, shows the fact indisputably, that this sheet of the will was torn into several pieces; so that, practically the only question for the jury was the question of intention of the testator. The judge so told them, and also that they might take these declarations and conduct for such light as they might throw upon the question of intention, but for no other purpose.

Exceptions were taken to some of these instructions by the judge, but we find no error in them. There was some objection to the statement to the jury that certain parts of the will might be entirely removed from it without destroying the will as such —in other words, that the will, so far as its substance was concerned, would be complete in itself even after the removal of the sheet of paper torn from it. We think the court was within proper bounds in giving this instruction to the jury. Indeed, in the entire trial of the case we have been unable to find any error on the part of the court. We think that the contestants were fairly treated throughout, and that the construction which the court gave to the statute and to the various decisions was altogether correct.

Our judgment is that the judgment of the court of common pleas should be, and it is, affirmed.

*Whitlock, Milroy & Mallow, Smith & Beckwith,* for plaintiff in error.

*Hamilton & Kirby,* for defendants in error.