[Bates, et al. v. Oden, et al.] .

# Bates, *et al. v.* Oden, *et al.*

### Ejectment.

(Decided June 30, 1916.   Rehearing denied January 18, 1917.
73 South. 921.)

1. **Words and Phrases; Crazy.**—In its popular sense the term crazy imports a broken, shattered or deranged mental condition.

2. **Insanity; Evidence; Non-Expert.**—The wife of an alleged insane grantor, by reason of her long association with him, together with facts detailed by her of her own personal knowledge evidencing the husband's mental derangement, was competent to express her opinion as a non-expert based on such facts as to the unsound condition or not of the husband's mind.

APPEAL from Morgan Circuit Court.

Heard before Hon. ROBERT C. BRICKELL.

Ejectment by Alice Oden and others, by their guardian, against Nancy Bates and others.   Judgment for plaintiffs, and defendants appeal.   Reversed and remanded.

Plaintiffs relied on a deed executed by J. H. Hornsby and wife to J. M. Hornsby, a mortgage from J. M. Hornsby and wife to J. J. Cudd, and a foreclosure deed from J. J. Cudd to P. A. Oden; Alice and Izez Oden, plaintiffs, being the only heirs at law of said P. A. Oden, he and his wife both being dead.   Nancy E. Bates, who was Nancy E. Hornsby before her marriage, was the witness who was asked if her husband, J. H. Hornsby, was crazy all the time.

M. F. PARKER, for appellants.   SAMPLE & KILPATRICK, for appellee.

THOMAS, J.—On the trial, the wife of the grantor in the questioned deed was asked by defendant: "Was he crazy all of the time between the time you brought him back from the asylum the first time up to the time he was carried back the second time?"

The court's action in sustaining plaintiffs' objections, to which action due exceptions were interposed by the defendant, is now assigned as error.

. [Bates, et al. v. Oden, et al.]

(1) In its popular sense the term "crazy" imports a broken, shattered, or deranged condition of the mind.—*Shaver v. McCarthy,* 110 Pa. 339, 5 Atl. 614.

It is now settled law that to authorize a non-expert to give his opinion of the existence of an unsound condition of the mind, he must not only have had the opportunity to form a judgment, but the facts should be stated, upon which it is based; and the witness must base his opinion as to the insanity of the party inquired of solely upon his own personal knowledge, observation, acquaintance, and experience with the individual inquired about. —*Burney v. Torrey,* 100 Ala. 157, 14 South. 685, 46 Am. St. Rep. 33; *Dominick v. Randolph,* 124 Ala. 557, 27 South. 481; *Parrish v. State,* 139 Ala. 16, 36 South. 1012; *Odom v. State,* 174 Ala. 4, 56 South. 913; *Melvin v. Murphy,* 184 Ala. 188, 63 South. 546; *Woods v. State,* 186 Ala. 29, 65 South. 342; *Woodward Iron Co. v. Spencer,* 194 Ala. 285, 69 South. 902.

(2) The long and intimate association of the witness with her husband, James H. Hornsby, together with the facts detailed by the witness evidencing his mental derangement—on all of which the witness might base her opinion—clearly qualified her, though not an expert, to express an opinion as to the unsound condition vel non of the mind of the grantor in the deed in question.

For the error of the court in refusing to allow the witness, Nancy E. Bates, to answer the question directed to the insanity of the grantor, James H. Hornsby, at the time when the deed was executed, the judgment must be reversed. The court's decision as to the competency of the witness to give an opinion was clearly and palpably erroneous.—*Woodward Iron Co. v. Spencer, supra.*

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.