(86 South. 522)

### Ex parte COMMONWEALTH LIFE INS. CO. OF LOUISVILLE, KY.

### COMMONWEALTH LIFE INS. CO. OF LOUISVILLE, KY. v. ROY.

### (6 Div. 96.)

(Supreme Court of Alabama. June 17, 1920. Rehearing Denied Oct. 21, 1920.)

1. **Insurance**  ⬅⬤➡634(1) — **Complaint, with averment premiums paid or tendered, held sufficient to charge policy in force at death of insured.**

In an action on a life policy to which a war risk rider, requiring extra premiums, was attached, defended for nonpayment of such premiums, which plaintiff in turn claimed had been waived by defendant insurer's superintendent, count of the complaint, in substantial compliance with code form No. 12, averring that premiums had been paid or duly tendered defendant insurer, *held* not subject to defendant's demurrer, raising the question that it failed to aver that the premiums had been duly tendered, etc., and sufficient to charge the policy was in force at death of insured.

2. **Insurance**  ⬅⬤➡641(2)—**Replication in action on policy containing war risk clause set up waiver of forfeiture, and not of condition precedent.**

In an action on a life policy to which was attached war risk rider requiring extra premiums, wherein the insurer defended for non-

[2] 199 Ala. 152.     [3] 199 Ala. 388.     [4] 199 Ala. 433.     [5] 202 Ala. 330.

payment of such premiums, replication of plaintiff beneficiary, setting up an extension of time when the extra charge for the war risk should be paid, i. e., waiver of forfeiture for nonpayment of such charge at the time of entering the service without payment, did not set up waiver of a condition precedent essential to making the policy operative, but waiver of a forfeiture of the policy.

**3. Certiorari ☞68—Supreme Court does not review finding of or application of facts to law by Court of Appeals.**

On certiorari to review the judgment of the Court of Appeals, the Supreme Court does not review finding of or application of the facts to the law.

Certiorari to Court of Appeals.

Petition by the Commonwealth Life Insurance Company of Louisville, Ky., for certiorari to the Court of Appeals to review its judgment (86 So. 520), rendered on the appeal of the insurance company in suit against it by Mrs. Averillar Roy.   Writ denied.

The complaint was as follows:

"Plaintiff claims of the defendant $500 due on a policy thereby the defendant, on the 30th day of March, 1917, insured for a term of one year and from year to year thereafter as the premiums thereon were paid the life of Newton M. Roy, who died on the 26th day of July, 1918, of which the defendant has had notice; said policy is the property of the plaintiff. The plaintiff says that at the time of the death of the said Newton M. Roy the premium on said policy had been paid or duly tendered defendant, and the said policy was in force and effect."

The demurrers raised the question that it fails to aver that the premiums had been duly tendered, that it fails to aver that the premiums had been paid, and that it shows on its face that the premiums had not been paid, and failed to set up any sufficient reason or excuse for a failure to pay the same.

The pleas in various ways set up the "war, aerial, and submarine service, consent to serve, and war rates, with the allegation that insured had failed to comply with these various conditions and had failed to pay the additional premium."

Replication 2 sets up that after the insured had entered the said military service the defendant knew that said insured had entered the said military service, and with such knowledge, and prior to insured's death, attached a rider upon said policy of insurance, giving its consent for the said insured to serve in said military service, and which said rider became a part of said policy, and was in words and figures as follows: (Here follows copy of consent to serve and war rates).

"And the plaintiff says that after the attachment of said rider to said policy the said insured entered the said war referred to in subdivision A of said rider in said military service in France where he was killed in battle.

"And the plaintiff says that the defendant waived the payment of said extra premium on said policy, in this, that the defendant's agent or servant, G. W. Adams, while then and there acting within the line and scope of his employment, and who was authorized to do so in the premises, told the plaintiff, who was the beneficiary under said policy, and had the possession of the said policy and was paying the premiums thereon, at the time that he attached said rider to said policy which was prior to the time that the said insured engaged in said military service in said war outside of the land territory described in subdivision A of the foregoing rider; that in the event the said insured should become engaged in said military service in said war outside of the said land territory, then in that event all premium due on said policy could be paid on the next annual due date of premium on said policy after entrance on said service on said war outside of said land territory by said insured, which was on, to wit, March 30, 1918.

"And the plaintiff says that she had charge of the payment of all premiums on said policy, and was looking after making all payments of said premiums on said policy for the said insured at his request, and that she relied upon the said statements of the said Adams relative to the payment of the said extra premiums on said policy, and that she did, on, to wit, March 30, 1918, the next annual premium due date of said policy after entrance of said insured in said military service in said war outside of said land territory, duly tender to the defendant company all premiums due on said policy, and said defendant company refused to accept the said extra premiums, and thereby waived the payment of the same."

The policy was issued on the life of Newton M. Roy for the sum of $500 to Averillar Roy, as beneficiary. Roy was killed in France, while engaged in military service of the United States.

Huey & Welch, of Bessemer, for appellant.

The complaint was insufficient. 147 Ala. 354, 40 South. 963; form 36, section 5362, Code 1907. Replication 2 was subject to the demurrers. 45 South. 208; 155 Ala., 265, 46 South. 578, 130 Am. St. Rep. 21; 171 Ala. 429, 55 South. 200; 96 Ala. 568, 11 South. 671; 166 Ala. 146, 51 South. 884. The payment of the initial premium is a condition precedent, which cannot be waived by an agent by any oral statement. Authorities supra. The question of waiver is not subject to oral proof, nor is it a question for the jury. 10 Ala. 231, 44 Am. Dec. 481; 45 South. 208; 166 Ala. 146, 51 South. 884; 45 South. 208. Failure to pay the additional premium for the permit worked a forfeiture. 109 Mass. 430, 25 Cyc. 876; 5 Ala. App. 392, 59 South. 336.

Goodwyn & Ross, of Bessemer, for appellee.

The authorities cited in the opinion of the Court of Appeals are a sufficient answer to

all the contentions made by petitioner, and this court will not review finding of facts or propositions of law as applied to such findings. 182 Ala. 34, 62 South. 63; 183 Ala. 451, 63 South. 88.

PER CURIAM. [1] The count of the complaint was not subject to defendant's demurrer. It is a substantial compliance with form No. 12 of the Code, and the averment that the premiums had been paid or duly tendered the defendant was sufficient to charge that the policy was in force at the death of the insured. The plaintiff did not have to aver the facts or quo modo constituting the tender. Form No. 36, cited by appellant's counsel, applies to a plea of tender, and said form provides for setting out the amount of tender, etc.

[2] As we understand the appellee's replication No. 2, it in effect sets up an extension of time, or an agreement, as to the time when the extra charge for going into the war should be paid; that is, a waiver of a forfeiture of the policy for a nonpayment of this extra charge at the time of entering the forbidden service without the payment of same. It does not set up the waiver of a condition precedent essential to making the policy operative, as considered in the case of Powell v. Prudential Co., 153 Ala. 611, 45 South. 208, and other cases relied upon in appellant's brief. Here, the pleas set up a forfeiture of the original policy, and not that it had never become binding and effective, and the replication sets up a waiver of what it claims to be a forfeiture, and false under the influence of the case of United States Co. v. Lesser, 126 Ala. 568, 28 South. 646.

[3] The other insistences of error in the opinion of the Court of Appeals are either without merit, or relate to a finding of or an application of the facts to the law, and which we do not review. Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 South. 91.

The petition for the writ of certiorari is denied.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes