## NATIONAL LIFE & ACCIDENT INS. CO. v. HANNON. (3 Div. 679.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

1. Insurance ⬳629(1)—Complaint must allege policy period and date of insured's death.

Code form of complaint in action on life policy requires that complaint state period covered by policy and date of insured's death, to show whether death occurred during life of policy.

2. Insurance ⬳629(2)—Count in complaint held not to show policy in force at insured's death.

In action on life policy, count merely alleging that while policy was in force insured lost his life, etc., held not to sufficiently aver facts to show that policy was in force at insured's death.

3. Pleading ⬳8(7)—Complaint held to aver facts, not conclusions.

In action on life insurance policy, averments as to issuance and renewals of policy, provisions contained therein, and fact and manner of insured's death, held averments of fact, and not mere conclusions.

4. Appeal and error ⬳1040(11)—Overruling demurrer to insufficient count in complaint held harmless where another count supplied deficiency.

In action on life insurance policy, overruling demurrer to count in complaint for failure to aver sufficient facts held harmless, where another count contained necessary averments.

5. Insurance ⬳455—Killing not accidental unless killer's mind so deranged that he was unable to distinguish right from wrong on particular occasion.

To render injury unintentional and accidental under accident policy by reason of insanity of person who inflicted injury, his mind must be so diseased and deranged as to render him incapable of distinguishing right from wrong in relation to the particular act.

6. Insurance ⬳641(1)—Replication alleging death accidental because of insanity of person committing homicide held demurrable.

In action on life policy defended on ground that death by shooting was not accidental within policy, replication alleging that by reason of insanity person who shot insured did not do so intentionally held bad on demurrer.

7. Appeal and error ⬳1040(15)—Overruling demurrer to replication held reversible error.

In action on life policy, overruling of demurrer to plaintiff's replication held reversible error, where replication did not aver sufficient facts to show accidental death.

8. Evidence ⬳474(4)—Acquaintance and opportunity for observation of person alleged insane necessary before testimony of nonexpert admissible.

To admit testimony of nonexpert witness as to sanity of another, it must be shown that acquaintance of witness with such person is intimate and that witness has had sufficient opportunity for observation to enable him to form correct judgment.

9. Evidence ⬳474(4)—Admission of nonexpert's testimony as to person's insanity without laying proper predicate held error.

Admission, over objection, of testimony of nonexpert witness that certain person "was very much insane," held error where proper predicate was not laid.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on policy of life insurance by Sallie Hannon against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, p. 449, Acts 1911. Reversed and remanded.

The complaint is as follows:

"(1) Plaintiff claims of the defendant $300, with interest, due on a policy whereby the defendant on, to wit, the 23d day of July, 1920, insured Calvin J. Hannon against loss of life resulting from bodily injury affected directly and independently of all other causes through external violence and accidental means; and plaintiff avers that while said policy was in full force and effect and on, to wit, the 22d day of April, 1923, the said Calvin J. Hannon died and lost his life resulting from bodily injury effected directly and independently of all other causes through external violence and accidental means, of which the defendant has had notice.

"(2) Plaintiff claims of the defendant the further sum of $300, with interest thereon, due on a policy whereby the defendant on, to wit, the 23d day of July, 1920, insured for a term of one month the life of Calvin J. Hannon against bodily injury affected directly and independently of all other causes through external violence and accidental means for a term of one month. Plaintiff avers that said policy was renewed from time to time by the defendant until, to wit, the 23d day of May, 1923. Plaintiff further avers that said policy provides that in the event of the death of the said Calvin J. Hannon, the principal sum insured should be paid to the plaintiff. Plaintiff further avers that the said Calvin J. Hannon received bodily injury, effected directly and independently of all other causes through external violence and accidental means on, to wit, the 22d day of April, 1923, and while said policy was in force and effect, which resulted in his death on, to wit, the 22d day of April, 1923, and the defendant has had due notice."

Plaintiff's replications 2 and 4 are as follows:

"(2) For further replication she says that at the time the said Hazzard, mentioned in said pleas, shot the insured, the said Calvin J. Hannon, the said Hazzard was insane and by reason of said insanity did not intentionally shoot or kill the said Calvin J. Hannon."

"(4) For further replication to said pleas, the defendant says that at the time the said Hazzard, mentioned in said pleas, shot the insured, the said Calvin J. Hannon, and inflicted the injury that caused his death, the mind of the said Hazzard was so diseased and deranged, as to render the said Hazzard incapable of distinguishing right from wrong in relation to the particular act which he did, to wit, shooting the said Calvin J. Hannon, the insured."

On the trial plaintiff's witness Brassell testified that he saw Hazzard in prison the day of the shooting and saw him at different times on two days after the shooting and talked with him. Over objection of defendant, this witness described the actions of Hazzard, and, over further objection, stated that "I would say he was very much insane."

John S. Tilley, of Montgomery, for appellant.

The complaint was defective. Eminent Household v. Gallant, 194 Ala. 681, 69 So. 884; U. S. H. & A. Co. v. Veitch, 161 Ala. 631, 50 So. 95; Locomotive Engineers, v. Hughes, 201 Ala. 59, 77 So. 352; Ex parte Commonwealth Ins. Co., 204 Ala. 562, 86 So. 522; Pence v. Mutual Co., 180 Ala. 584, 61 So. 817; Nat. Cas. Co. v. McCarn, 207 Ala. 322, 93 So. 31. Replication 2 was defective. 1 C. J. 443. Travelers' Ins. Co. v. Houston, 3 Willson, Civ. Cas. Ct. App. § 429. A nonexpert, to testify as to sanity or insanity, must be shown to have had an intimate acquaintance with the person in question. Dominick v. Randolph, 124 Ala. 564, 27 So. 481; Pritchard v. Fowler, 171 Ala. 669, 55 So. 147; Jones v. State, 181 Ala. 79, 61 So. 434; Odom v. State, 172 Ala. 384, 55 So. 820; Woodward Ir. Co. v. Spencer, 194 Ala. 291, 69 So. 902; Bates v. Odom, 198 Ala. 570, 73 So. 921; Ford v. State, 71 Ala. 397; Barnett v. Freeman, 197 Ala. 145, 72 So. 395.

L. A. Sanderson and Thos. B. Hill, Jr., both of Montgomery, for appellee.

Count 1 was not defective. Sov. Camp v. Reed, 208 Ala. 458, 94 So. 910; Travelers' Ins. Co. v. Whiteman, 202 Ala. 388, 80 So. 470; W. O. W. v. Alford, 206 Ala. 20, 89 So. 528; Travelers' Ins. Co. v. Dupree, 17 Ala. App. 131, 82 So. 579. But, if so, overruling demurrer thereto was error without injury. Gulf States Steel Co. v. Carpenter, 205 Ala. 162, 87 So. 580. Replication 2 was not defective. Gulf States. Steel Co. v. Carpenter, supra; Travelers' Ins. Co. v. Dupree, supra; Marceau v. Travelers' Ins. Co., 101 Cal. 338, 35 P. 856, 36 P. 813; 1 C. J. 499. Whether a nonexpert should give an opinion as to insanity of a party is discretionary with the trial court. Parrish v. State, 139 Ala. 42, 36 So. 1012; Dersis v. Dersis, 210 Ala. 308, 98 So. 27; Melvin v. Murphy, 184 Ala. 188, 63 So. 546; Johnston v. Johnston, 174 Ala. 220, 57 So. 450.

THOMAS, J. The suit is upon a policy of life insurance.

[1] There was demurrer to the complaint. The Code form for the complaint requires that the period covered by the policy and the date of the death be averred, in order that the pleading may show whether or not death occurred pending the life of the policy. Pence v. Mutual Ben. L. Ins. Co., 180 Ala. 584, 61 So. 817; Eminent Household Columbian Woodmen v. Gallant, 194 Ala. 681, 69 So. 884; Sov. Camp W. O. W. v. Ward, 196 Ala. 327, 71 So. 404; Locomotive Eng., etc., Ass'n v. Hughes, 201 Ala. 58, 77 So. 352.

[2] In Ex parte Comm. Life Ins. Co., 204

Ala. 561, 86 So. 522, and National Casualty Co. v. McCarn, 207 Ala. 322, 93 So. 31, the counts, held substantial compliance with Code form, contained averments that the insurance was for the term indicated and from year to year thereafter, "as the premiums were paid"; that at the time of the death of assured the premium on said policy had been paid or duly tendered, "and the said policy was in force and effect." Travelers' Ins. Co. v. Whitman, 202 Ala. 388, 80 So. 470; Woodmen v. Alford, 206 Ala. 20, 89 So. 528. In the present case count 1 contained no sufficient averment of facts to show that the policy declared upon was in full force and effect at the time of the death of assured. That count was subject to the appropriate ground of demurrer directed thereto.

[3, 4] Count 2 was sufficient against the ground of demurrer assigned. The averments thereof were of facts and not mere conclusions of the pleader. Because of the sufficiency of the second count, the overruling of demurrer to count 1 was error without injury. The proof required under each count was the same. That is to say, the averments of facts contained in count 2 embraced the conclusions averred in count 1. There was no reversible error in rulings on demurrer to the complaint. Gulf States Steel Co. v. Carpenter, 205 Ala. 162, 87 So. 580.

[5, 6] Replication 2 required a materially different degree of proof than did replication 4. The rule is that in order to render an injury unintentional and accidental under policies of accident insurance by reason of the insanity of the person who inflicted the injury, there must be such a diseased and deranged condition of the mind as to render the person incapable of distinguishing right from wrong in relation to the particular act with which he is charged. 4 Cooley's Briefs, Ins. p. 3211; 1 C. J. 443; Travelers' Ins. Co. v. Houston, 3 Willson, Civ. Cas. Ct. App. § 429. The test is the same as in criminal cases. Marceau v. Travelers' Ins. Co., 101 Cal. 338, 35 P. 856, 36 P. 813. This is stated in Anderson v. State, 209 Ala. 36, 95 So. 171; Parsons v. State, 81 Ala. 577, 2 So. 854, 60 Am. Rep. 193.

Appellee cites general authorities, including Marceau v. Travelers' Ins. Co., 101 Cal. 338, 35 P. 856, 36 P. 813, and two cases from this jurisdiction viz.: Gulf States Steel Co. v. Carpenter, 205 Ala. 167, 87 So. 580 (suit for injuries inflicted while in service of master), and Travelers' Ins. Co. v. Dupree, 17 Ala. App. 131, 82 So. 579 (an unprovoked assault), which are inapt.

The provisions of the policy sued on, among others, are:

"This policy does not cover suicide (sane or insane) nor any venereal disease; nor any disease not common to both sexes; nor aeronautics; nor military or naval service in time of war; nor injuries intentionally inflicted upon the assured by himself or by any other person except by burglars or robbers; nor the assured while in the tropics or any part of Alaska or the British possessions in North America, north of the sixtieth degree of north latitude, and there shall be no liability whatever against the company in any such cases."

Plea 1 sets out said provision of the policy, and avers:

"Defendant says that said Hannon was intentionally shot by one Hazzard who was at the time of said shooting neither a burglar nor a robber, and that said Hannon died from said injury on the day on which said shooting occurred. Wherefore defendant says that it is not liable in this action."

[7] In overruling demurrer to replication 2 reversible error intervened.

[8] The rule as to a nonexpert witness testifying concerning sanity or insanity has been long and firmly established in this jurisdiction. The proper predicate must be laid; that is, (1) that the acquaintance of the witness with the person whose sanity or insanity is the subject of inquiry is of an intimate character, and (2) that the witness has had an opportunity for observation sufficient to enable him to form a correct judgment, before such witness may give an opinion. Lewis v. Martin, 210 Ala. 401, 98 So. 635; Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902; Bates v. Oden, 198 Ala. 570, 73 So. 921; Barnett v. Freeman, 197 Ala. 145, 72 So. 395; Johnston v. Johnston, 174 Ala. 220, 57 So. 450; Odom v. State, 172 Ala. 383, 55 So. 820; Pritchard v. Fowler, 171 Ala. 662, 55 So. 147; Jones v. State, 181 Ala. 63, 61 So. 434; Dominick v. Randolph, 124 Ala. 557, 27 So. 481; Ford v. State, 71 Ala. 397.

[9] There was error in the admission of the evidence of Mr. Brassell, against due objection of defendant, to the effect that Hazzard "was very much insane," notwithstanding the liberal discretion which trial judges may exercise as to the sufficiency of predicates.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.