(116 So. 427)

### VAUGHN v. VAUGHN.    (7 Div. 791.)

Supreme Court of Alabama.   March 29, 1928.

**1. Evidence ⬤➝63—Sanity is presumed until contrary is shown.**

The law presumes sanity until the contrary is shown.

**2. Evidence ⬤➝501(3)—One not witness to will and not an expert, held erroneously permitted to state opinion as to testator's insanity without stating facts.**

Witness for proponent of will who was not a witness to the will and not an expert, was erroneously permitted to state his opinion as to testator's insanity and incapability of transacting business, without stating facts on which he based opinion, since in such case jury must draw conclusion from facts given.

**3. Evidence ⬤➝474(4)—Non-expert witness attesting will may testify to mental capacity of testatrix at time will was executed.**

Non-expert witness who attests a will is allowed, as an exception to the general rule, to testify to mental capacity of testatrix when will was executed and attested without showing any other knowledge thereof, than was afforded at the time by the circumstances and his observations therefrom.

**4. Witnesses ⬤➝198(2)—Attorney attesting will may testify to all matters relevant to issues presented by attempted probate.**

An attorney who attests the execution of a will is released from general rule of privileged communication to extent that he may testify to all matters relevant to issues presented by attempt to probate the will, its execution and mental status of testatrix at the time.

**5. Wills ⬤➝292—Admitting testimony that there was unsatisfied judgment against contestant resisting effort to probate mother's will, held erroneous.**

In will contest, admission of testimony that there was an unsatisfied judgment against contestant resisting effort to probate mother's will, held erroneous as immaterial to issues presented.

**6. Evidence ⬤➝472(1)—Proponents held erroneously permitted to state opinion relative to contestant's control over mother at time of destroying will.**

In will contest, proponents were erroneously permitted to state opinion relative to whether contestant had any control over his mother at time of destruction of will, in that such inference should have been drawn by jury from relevant facts on issue of undue influence formed and presented.

**7. Wills ⬤➝170—Mere influence is not sufficient to prevent effect of revocation of will by testator by intentional destruction (Code 1923, § 10600).**

Mere influence inducing testator to destroy will, is not sufficient to prevent the effect of revocation by its destruction if intentionally done in the manner provided by Code 1907, § 6174 (Code 1923, § 10600).

**8. Wills ⬤➝290—Presumption is that will destroyed while in possession of testator was destroyed by testator animo revocandi.**

When a will remains in possession of testator and is not found after death of such person, the evidential presumption, without other evidence accounting or tending to show its proper destruction, spoliation or withholding, is that testator in possession thereof destroyed the will animo revocandi.

**9. Wills ⬤➝171, 179, 306—Will may be revoked by subsequent will or by its destruction with intention of revoking it by testator or other person in his presence, and by his direction which can be proved only by two witnesses (Code 1923, § 10600).**

Will may be revoked by making a subsequent will or by its destruction with intention of revoking it by testator himself, or by some other person in his presence and by his direction, provided proof of destruction by one other than testator must be by two witnesses pursuant to Code 1907, § 6174 (Code 1923, § 10600).

**10. Wills ⬤➝298—Evidence of unauthorized record of will in probate office held erroneously admitted in will contest.**

Where record of will in probate office before death of testatrix was unauthorized act of one of beneficiaries, evidence of fact of its record was erroneously admitted in subsequent will contest as tending to confuse jury and give to unauthorized act of record a sort of notice or verity.

**11. Evidence ⬤➝510—Doctors qualifying as experts held properly permitted to testify in will contest as to physical and mental status of testatrix.**

Doctors duly qualifying as experts, *held* properly permitted to testify in will contest relative to physical and mental status of testatrix at time they treated or examined her, or sufficiently observed condition so as to warrant medical opinion thereof.

**12. Wills ⬤➝324(4)—Intentional revocation of will by destruction presents jury question.**

Question presented in will contest relative to intentional revocation of will by its destruction by testatrix, *held* to present a jury question justifying refusal of charge to find for contestant under evidence.

**13. Wills ⬤➝167, 169—Revocation by mistake, fraud, undue influence, or by one not of testamentary capacity is generally inoperative.**

Generally, if there is revocation by mistake, fraud, undue influence, or by one not of testamentary capacity, it is inoperative because of the lack of animus revocandi, hence instruction to effect that undue influence was not for jury's consideration was properly refused.

Appeal from Probate Court, DeKalb County; G. L. Malone, Judge.

Petition of I. D. Vaughn to probate the will of Mary Vaughn, deceased, contested by W. W. Vaughn. From a decree admitting the will to probate contestant appeals. Reversed and remanded.

⬤➝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

These charges were refused to contestant:

"H. I charge you that if you believe the evidence in this case your verdict should be for the defendant and you should render your verdict for the defendant and that the will was revoked."

"G. The question of undue influence as to the destruction of the will here offered is not before you for consideration."

C. J. Scott and Wolfes & Crawford, all of Ft. Payne, for appellant.

To authorize a nonexpert to give his opinion of the existence of an unsound condition of mind, he must not only have had the opportunity to form judgment, but the facts should be stated upon which it is based. Dominick v. Randolph, 124 Ala. 557, 27 So. 481. The law presumes every one to be sane until the contrary is shown, and he who alleges insanity has the burden to prove it. Stanfill v. Johnson, 159 Ala. 546, 49 So. 223. McLeod v. Brown, 210 Ala. 491, 98 So. 470. Witnesses who attest the will are properly allowed to testify to the mental capacity of the testatrix when the will was made, without showing any other knowledge thereof than such as was afforded by their observation at that time. Shirley v. Ezell, 180 Ala. 352, 60 So. 905. The rule of privileged communication does not apply where the attorney is requested to be a subscribing witness to a will, as this leaves the witness free to perform the duties of the position and to testify as to any matters in relation to the will and the execution thereof, including the mental condition of the testator. Jones on Evi. (2d Ed.) p. 947; 40 Cyc. 2381. When a will remains in the possession of the deceased, and is not found at his death, the legal, evidential presumption is that the testator destroyed it, animo revocandi, until the contrary is shown. Allen v. Scruggs, 190 Ala. 654, 67 So. 308.

A. E. Hawkins, of Ft. Payne, for appellee.
Brief did not reach the Reporter.

THOMAS, J. The question of revocation by destruction of a testamentary instrument is the subject of the statute, Code of 1907, § 6174; and recent decisions, Luther v. Luther, 211 Ala. 352, 100 So. 497; Bruce v. Sierra, 175 Ala. 517, 57 So. 709, Ann. Cas. 1914D, 125.

Many questions are presented on the introduction of the evidence under the contest of the attempted probation of a copy of the will alleged to have been lost, mislaid or destroyed.

[1] The law presumes sanity until the contrary is shown. McLeod v. Brown, 210 Ala. 491, 98 So. 470; Stanfill v. Johnson, 159 Ala. 546, 49 So. 223; Harris v. Bowles, 208 Ala. 545, 94 So. 757; Frederic v. Wilkins, 182 Ala. 343, 62 So. 518.

[2, 3] The witness for proponent, John Vaughn, not a witness to the will and not an expert, was permitted, over the objections of contestant, to testify that his mother's mind was unsound. He stated no sufficient facts showing abnormality or mental peculiarity upon which to base this conclusion of her unsound mental status when the will in question was destroyed. The same was likewise true of the question and negative answer in which he expresses a mere opinion that she was not capable of transacting business. Wear v. Wear, 200 Ala. 345, 76 So. 111; Dersis v. Dersis, 210 Ala. 308, 312, 98 So. 27; Amer. Nat'l. Ins. Co. v. Rains, 215 Ala. 378, 110 So. 606. The jury must draw the conclusion from facts given. In this there was error. Dominick v. Randolph, 124 Ala. 557, 564, 27 So. 481; Miller v. Whittington, 202 Ala. 406, 80 So. 499; Councill v. Mayhew. 172 Ala. 295, 55 So. 314; Nat'l. Life & Accident Ins. Co. v. Hannon, 212 Ala. 184, 186, 101 So. 892; Chandler v. Chandler, 204 Ala. 164, 85 So. 558; Woodward Iron Co. v. Spencer, 194 Ala. 285, 69 So. 902; Bates v. Oden, 198 Ala. 569, 73 So. 921; Washam v. Beaty, 210 Ala. 635, 99 So. 163; James v. State, 193 Ala. 55, 69 So. 569, Ann. Cas. 1918B, 119. The rule laid down in Burney v. Torrey, 100 Ala. 172, 14 So. 685, 46 Am. St. Rep. 33, as to the admission of non-expert testimony, is that when the witness has had long and intimate acquaintance with another as to enable the formation of a correct—

"judgment as to the mental condition of such other person, a witness may give his opinion that the person is of sound mind. Sanity is the normal condition of mankind. The witness with such opportunities, need not in limine be required to testify to the absence of facts which if existing would be evidence of insanity, before giving his opinion that the person is sane. To authorize a non-expert to give his opinion of the existence of an unsound condition of mind he must not only have had the opportunity to form a judgment but the facts should be stated upon which it is based. The admission of opinion testimony is an exception to the general rule, and in our judgment the ends of justice require in all cases where the opinion of a non-expert is admissible to show unsoundness of mind, that the facts upon which it is predicated should be stated."

Such is the rule as to a non-expert's opinion of insanity by a witness not attesting the will. The non-expert witness who attests a will is allowed, as an exception to the general rule, to testify to the mental capacity of testatrix when the will was executed and attested, without showing any other knowledge thereof than was afforded at the time by the circumstances and his observations therefrom. Shirley v. Ezell, 180 Ala. 352, 60 So. 905; Chandler v. Chandler, 204 Ala. 164, 85 So. 558; Miller v. Whittington, 202 Ala. 406, 80 So. 499.

[4] The necessities of the case require that an attorney, who attests the execution of a will, be released from the general rule of

privileged communication, to the extent that he is free to perform the duties of the other relation in which he is thus placed by the testatrix; and he may testify to all matters relevant to the issues presented by the attempt to probate the will, its execution and the mental status of the testatrix at the time, etc. 40 Cyc. 2381, notes 18–24; Jones on Evidence (2d Ed.) p. 947. There was error in declining, on proponent's objection, questions to Mr. C. A. Wolfes, as to whether testatrix was of sound mind when she executed the will, he being an attesting witness of that testamentary instrument.

[5-8] It should have been stated that Dave and John Vaughn were supporting the effort to probate the mother's will, and Will Vaughn contested its probate. The fact that there was an unsatisfied judgment against Will Vaughn was immaterial to the issues thus presented; and such evidence had some tendency to discredit the latter's effort at contest or the value of his testimony. In this action of the trial court there was error. There was also error in permitting Dave and John Vaughn, as witnesses, to give the opinion that Will Vaughn "had control over his mother at this time." The question was: "John, do you think Will had any control over your mother at this time?" Answering, the witness said, "I think he did." This was an inference that should have been drawn by the jury from the relevant facts, on issue of undue influence formed and presented. Miller v. Whittington, 202 Ala. 406, 411, 80 So. 499; Councill v. Mayhew, 172 Ala. 295, 304, 305, 55 So. 314. If testatrix was influenced to destroy her will, and such was her intention by the means employed in its destruction, "mere influence" is not sufficient to prevent the effect of revocation by its destruction, if intentionally done in the manner provided by the statute, Code of 1907, § 6174; Luther v. Luther, 211 Ala. 356, 100 So. 497. The demonstrable facts of that intention to revoke are specifically indicated by the statute, and for the reason that revocation is an act of the mind which must be "demonstrated by some outward and visible sign." Law v. Law, 83 Ala. 434, 3 So. 752; Allen v. Scruggs, 190 Ala. 654, 673, 67 So. 301. And, when a will remains in the possession of the deceased, and is not found after death of such person, the evidential presumption (without other evidence accounting or tending to show its proper destruction, spoliation or withholding), is that the testator in possession thereof destroyed the will animo revocandi. Such is the presumption until the contrary is shown. Conoly v. Gayle, 61 Ala. 116; Allen v. Scruggs, 190 Ala. 654, 673, 67 So. 301; McBeth v. McBeth, 11 Ala. 596; Weeks v. McBeth, 14 Ala. 474; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Jordan v. Ringstaff, 212 Ala. 414, 102 So. 895.

[9] A way of revoking a will is by making a subsequent one. Bruce v. Sierra, 175 Ala. 517, 521, 57 So. 709, Ann. Cas. 1914D, 125. The statute provides other methods, as burning, tearing, canceling, or obliterating the same, with the intention of revoking it, by the testator himself, or some other person in his presence and by his direction, or by some other writing subscribed by testator and attested as required by law. The foregoing methods of revocation are as effective to the expressed end, as if the revocation had been by making another will or by a separate writing as provided by law. If the destruction is by any other person than the testator, and by his direction and consent thereto, the fact of such burning, canceling, tearing or obliteration must be proved by at least two witnesses. Section 6174, Code of 1907; section 10600, Code of 1923.

[10] There is no evidence, or tendency thereof, that the testator had the will recorded in the probate office; its record in that office before the death of testatrix was not according to any statute and was the unauthorized act of one of the beneficiaries thereunder. The evidence of the fact of its record, given in the contest over the objection of contestant, was error; it tended to confuse the jury and to give to the unauthorized act of its record a sort of notice or verity, as that accepted and attached to the due record of ordinary conveyances such as deeds and mortgages. The objection of contestant to the giving in evidence the fact of its record should have been sustained.

[11] There was no error in the examination of Doctors Floyd and Clayton, who duly qualified as experts, and were therefore competent to speak of testatrix—her physical and mental status at the time designated, and when such physicians treated or examined Mrs. Vaughn or sufficiently observed her condition as to warrant their medical opinion thereof.

[12] There was no error in refusing charges H and G, requested by contestant. A jury question was presented on the intentional revocation by destruction of the will propounded for probate.

The uncontroverted evidence is, that Mrs. Vaughn demanded the will from its custodian at a time and under circumstances that, he thought, warranted its unauthorized record. It was thereafter destroyed by testatrix by burning it in the presence of witness. The question that is presented for the jury was, that of her intent evidenced by such act, and what was her mental status at the time of the destruction of the will.

[13] The general rule is, that if there is revocation by mistake, fraud, undue influence, or by one not of testamentary capacity, it is inoperative because of the lack of animus revocandi. Smock v. Smock, 11 N. J. Eq. 156, 163; Rich v. Gilkey, 73 Me. 595; Laughton v. Atkins, 1 Pick. (Mass.) 535; Voorhees v. Voor-

hees, 39 N. Y. 463, 100 Am. Dec. 458; Farr v. O'Neall, 1 Rich. (S. C.) 80; 1 Schouler's Wills, § 384; 30 Am. & Eng. Enc. of L. p. 697 (5); 40 Cyc. 1196 (4). If this rule obtains under the present statute (section 10600, Code of 1923) for revocation of wills, there was no error in refusing contestant's charge G.

The decree of the probate court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.